## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

KIMBERLY E. FERRON,

                  Plaintiff,

    v.

KRAFT HEINZ FOODS COMPANY,

                  Defendant.

CASE NO. _____

## NOTICE OF REMOVAL

       Defendant Kraft Heinz Foods Company ("Kraft Heinz") hereby effects the removal of this action from the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County to the U.S. District Court for the Southern District of Florida, Fort Lauderdale Division.  Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.  Venue is proper under 28 U.S.C. § 1441(a) because this District encompasses the county in which this lawsuit is pending, and under 28 U.S.C. § 1391 because Plaintiff allegedly purchased the products at issue in Broward County, Florida, which is located in this District and Division.

### FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

       1.     Plaintiff filed this lawsuit in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County on July 24, 2020.  Kraft Heinz executed a waiver of service on September 21, 2020, thereby effecting service of the Complaint.

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the state court case file is attached hereto and incorporated by reference.  Exhibit A consists of the complaint filed in the Circuit Court; Exhibit B consists of all other process, pleadings, motions, and orders filed in this case.

3.      Plaintiff's complaint challenges the labeling of two varieties of coffee manufactured by Kraft Heinz: 26.8-ounce containers of Maxwell House Master Blend coffee, and 31.0-ounce containers of Yuban Traditional Roast Ground coffee (collectively, the "Products"). Plaintiff alleges that the Products claim to produce between 180 and 210 servings of coffee, but do not contain a sufficient amount of coffee to do so.  As a result, Plaintiffs claim that the "Products' representation, that 180 to 210 cups of coffee can be brewed using 1 Tbsp of coffee per 6 oz cup . . . are untrue, misleading and deceive the public." Ex. A ("Compl.") ¶ 21.

4.      Plaintiff alleges that she purchased both Products from a Walmart store in Broward County, Florida.  *Id.* ¶ 12.

5.      Plaintiff asserts a single cause of action against Kraft Heinz for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201 *et seq.  See* Compl. ¶¶ 53-68.  Plaintiff purports to assert this claim on behalf of a nationwide class of consumers who purchased the Products in the four years preceding the filing of the complaint (*i.e.*, since July 24, 2016).  *Id.* ¶ 39.

6.      Plaintiff seeks a variety of remedies on behalf of the class, including damages, disgorgement of "all monies that may have been acquired by Defendant" as a result of its allegedly "unfair and/or deceptive act or practices," and attorney's fees.  *Id.* at 14-15 (Prayer for Relief).

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

7.      CAFA provides that federal courts have original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

### The Parties Are Sufficiently Numerous To Satisfy CAFA

8.      Plaintiff alleges that the "members of the Class are so numerous that individual joinder of all class members is impracticable."  Compl. ¶ 42.  Moreover, sales data obtained from Nielsen confirms that Kraft Heinz sold millions of units of the Products during the putative class period.  That readily satisfies CAFA's numerosity requirement.

### The Parties Are Minimally Diverse

9.      Plaintiff resides in, and is a citizen of, Florida.  Compl. ¶ 3.

10.     Kraft Heinz is a Pennsylvania limited liability company that is co-headquartered in Chicago, Illinois and Pittsburgh, Pennsylvania.

11.     Accordingly, CAFA's minimal diversity requirement is satisfied in this action because Plaintiff is a citizen of Florida, whereas Kraft Heinz is a citizen of Delaware, Illinois, and Pennsylvania.  *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

### There Is at Least $5,000,000 in Controversy

12.     To satisfy CAFA, a defendant need only show "that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement [of $5 million]."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citation and internal quotation marks omitted).

In assessing the amount in controversy, "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Id.* at 751; *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (noting that the amount in controversy is an "estimate of how much will be put at issue in the litigation" and that this "amount is not discounted by the chance that the plaintiffs will lose on the merits"). Even "the amount of damages flowing from facially deficient claims should . . . be considered when determining the amount in controversy." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 730 (11th Cir. 2014) (holding that district court's refusal to consider such damages was "error").

13.    "CAFA eliminates the general rule of nonaggregation for purposes of determining the amount in controversy. While the general rule of nonaggregation holds that the over $75,000 amount in controversy must be established for each individual plaintiff, the amount in controversy under CAFA can be satisfied by aggregating the individual class members' claims." *Waldman v. Cingular Wireless LLC*, No. 07-80081, 2007 WL 1970858, at *2 (S.D. Fla. July 3, 2007); *see also Std. Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (noting that CAFA requires "adding up the value of the claim of each person who falls within the definition of the proposed class."). So long as the removing party can make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold," removal is proper. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also McDaniel*, 568 F. App'x at 732 ("[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.") (citation and internal quotation marks omitted).

14.    Plaintiff seeks damages and/or restitution on behalf of the putative class, and she requests that the Court "restor[e] all monies that may have been acquired by Defendant" as a result of its allegedly "unfair and/or deceptive" conduct. Compl. at 15 (Prayer for Relief). As a result,

Plaintiff's complaint places in controversy all nationwide sales of the Products. *See, e.g.*, *Cordova v. Sensa Prods., LLC*, No. 11-80835, 2011 WL 13160763, at *1 (S.D. Fla. Dec. 27, 2011) (calculating amount in controversy based on "proceeds from sales of Sensa to members of the proposed class"); *Jovine v. Abbott Labs, Inc.*, No. 11-80111, 2011 WL 1337204, at *4 (S.D. Fla. Apr. 7, 2011) (calculating amount in controversy by "multipl[ying] the $3.00 sales price by the five million containers of product subject to the recall"); *cf. Reilly v. Amy's Kitchen, Inc.*, 2 F. Supp. 3d 1300, 1304 (S.D. Fla. 2014) (concluding that the plaintiff did not satisfy amount in controversy where the defendant "sold only $1,045,993 of the three products Plaintiff purchased in the State of Florida for the four year [class] period").

15.     Kraft Heinz has access to retail scan sales data through Nielsen, which collects nationwide retail sales data. Nielsen's sales data shows that, since January 1, 2017 to the present (which is entirely within the putative class period), nationwide retail sales of the Products significantly exceeded $100 million.

16.     Accordingly, Plaintiff's request for damages and/or restitution alone establishes an amount in controversy well in excess of $5 million.

## **VENUE IS PROPER**

17.     Venue is proper because this action was initially filed in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, which is located in the Southern District of Florida. *See* 28 U.S.C. § 1441(a) (noting that an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending"); 28 U.S.C. § 89(c) (noting that the Southern District of Florida encompasses Broward County). Further, venue is proper under 28 U.S.C. § 1391 because Plaintiff allegedly purchased the Products at a Walmart store in Broward County. *See* Compl. ¶ 12.

## REMOVAL IS TIMELY

18.     Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty days of the defendant's receipt of service of the summons and complaint.  Kraft Heinz executed a waiver of service on September 21, 2020, less than thirty days before filing this Notice of Removal.  Kraft Heinz's Notice of Removal is accordingly timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

19.     Kraft Heinz has not filed any responsive pleadings or any other papers responding to the complaint in the state court.

20.     Kraft Heinz will promptly give written notice of the filing of this Notice of Removal to all parties, and a copy of this Notice will be filed with the Clerk of the Circuit Court as required by 28 U.S.C. § 1446(d).

Dated: October 20, 2020

Respectfully submitted,

By:  */s/ Elizabeth B. Honkonen*
Jeffrey T. Foreman (FL Bar No. 612200)
jforeman@knpa.com
Elizabeth B. Honkonen (FL Bar No. 0149403)
ehonkonen@knpa.com
KENNY NACHWALTER, P.A.
1441 Brickell Avenue – Suite 1100
Miami, Florida  33131
Telephone:  (305) 373-1000
Facsimile:  (305) 372-1861

*Attorneys for Defendant*

and

Dean N. Panos <small>(Pro Hac Vice Motion to be Filed)</small>
DPanos@jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:  (312) 923-2765
Facsimile:  (312) 840-7765

Kate T. Spelman, Esq. <small>(Pro Hac Vice Motion to be Filed)</small>
kspelman@jenner.com
Alexander M. Smith, Esq. <small>(Pro Hac Vice Motion to be Filed)</small>
asmith@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:  (213) 239-5100
Facsimile:  (213) 239-5199

*Co-Counsel for Defendant*