# EXHIBIT A

IN THE COUNTY COURT
IN AND FOR BROWARD COUNTY, FLORIDA

CLASS REPRESENTATION

KIMBERLY E. FERRON,

    Plaintiff,

vs.                                    CASE NO.:

KRAFT HEINZ FOOD COMPANY,

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, KIMBERLY E. FERRON, individually, and on behalf of all others similarly situated in Florida, by and through the undersigned counsel, hereby files this Class Action Complaint against Defendant, KRAFT HEINZ FOODS COMPANY, ("Kraft Heinz"), and alleges as follows:

**I.    JURISDICTION & VENUE**

1.    This is a class action for damages and injunctive relief pursuant to Rule 1.220(b)(3), *Florida Rules of Civil Procedure*, with the class damages constituting in excess of Thirty Thousand Dollars ($30,000.00) exclusive of interest, costs and attorney's fees.

2.    As set forth below, Plaintiff seeks a certification of a Nationwide Class.

3.    Defendant, Kraft Heinz, is a foreign for profit corporation with its principal place of business in Pittsburgh Pennsylvania and which, at all times

material hereto, conducted business in Florida, including, but not limited to manufacturing products for sale in Florida, including, but not limited to, the product at issue in this Action.

4. Based on the foregoing venue is proper in this Court and this Court has jurisdiction over the causes of action alleged herein.

**II.    PARTIES**

3. Plaintiff is an individual consumer over the age of eighteen (18), who resides in Broward County Florida. Plaintiff seeks injunctive relief and damages on behalf of Plaintiff and the Class, and respectfully requests a jury trial as to damages.

4. Defendant, Kraft Heinz, is one of the largest food and beverage companies worldwide and maintains its principal executive offices in Pittsburgh, Pennsylvania, which at all times material hereto was registered and conducting business in Florida, maintained agents for the customary transaction of business in Florida, and conducted substantial and not isolated business activity within this state.

5. Kraft Heinz manufactures Maxwell House coffee and Yuban coffee, including the Maxwell House and Yuban coffee products at issue in this Action.

6. The Maxwell House Master Blend (Net Wt 26.8 Oz) and Yuban Traditional Roast Ground Coffee (Net Wt 31 0z) are collectively referred to as the "Products" herein.

7. The advertising and labeling for the Products at issue in this case were prepared and/or approved by Kraft Heinz and its agents, and were

2

disseminated by Kraft Heinz and its agents through advertising and labeling containing the misrepresentations alleged herein.

8.   The advertising for the Products was designed to encourage consumers to purchase the Products and reasonably misled reasonable consumers, including Plaintiff and the Class into purchasing the Products. Kraft Heinz markets and distributes the Products, and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive advertising and statements about the Products.

9.   Plaintiff alleges that, at all times relevant herein, Kraft Heinz and its subsidiaries, affiliates, and other related entities and suppliers, as well as their respective employees, were the agents, servants and employees of Kraft Heinz and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

10.   In addition, Plaintiff alleges that, in committing the wrongful acts alleged herein, Kraft Heinz, in concert with its subsidiaries, affiliates, and/or other related entities and suppliers, and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of untrue, misleading, deceptive, and/or fraudulent representations, and that Kraft Heinz participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

11.   Whenever reference in this Class Action Complaint is made to any act by Kraft Heinz or its subsidiaries, affiliates, distributors, retailers and other

3

related entities and suppliers, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Kraft Heinz committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of Kraft Heinz while actively engaged in the scope of their duties.

### III.  FACTUAL ALLEGATIONS

12. On or about May 4, 2020, Plaintiff purchased Maxwell House Master Blend (Net Wt 26.8 Oz) and/or Yuban Traditional Roast Ground Coffee (Net Wt 31 0z) at a Walmart located in Broward County, Florida.

13. The Products is comprised of ground coffee, provided to consumers for the purpose of brewing cups of coffee.

14. The back label for the Maxwell House provides instructions on how to brew a cup of coffee.

15. The-label contains a table stating:

| Maxwell House Coffee | 1 Tbsp./ | ½ cup (8 Tbsp) |
|---|---|---|
| Servings | 1 | 10 |

16. The back-label also states that 1 serving of waters is 6 fluid ounces and that the Product makes 180 to 210 suggested strength servings.

17. The Yuban Coffee product contains similar representations.

18. Based on this prominent labeling and based on the brewing instructions contained on the Products, a consumer purchasing this Products

4

would reasonably believe that the Products could be used to brew a certain number of 6 fluid ounce cups of coffee when following either of the alternative label instructions**.**

19.     Despite this prominent packaging and labeling, the Products are not capable of brewing even the minimum the number of 6 fluid ounce cups of coffee that they represent using the 1 Tbsp per 1 6 fluid ounce cup directions.

20.     Since Plaintiff purchased the Product as a product advertising itself as being capable of brewing specific numbers of 6 fluid ounce cups of coffee, and that was not the case, Plaintiff was damaged in proportion to the servings of coffee not received from each of the Products.

21.     The Products' representation, that 180 to 210 cups of coffee can be brewed using 1 Tbsp of coffee per 6 oz cup, which are uniformly, consistently and prominently displayed on each individual package of the Products are untrue, misleading and deceive the public.

22.     Plaintiff is aggrieved by the deceptively labeled and marketed Products as she relied on the misleading and deceptive labeling and advertising and was deprived of the benefit of the bargain she reasonably anticipated from the Products' labeling and advertising; specifically, she was deprived of the benefit she paid for Products labeled and advertised as being capable of brewing a specific number of 6 fluid ounce cups of coffee using the 1Tbsp per one 6 oz cup directions, when in reality the Products could not make the promised cups of coffee. Reasonable consumers, such as the Plaintiff, will continue to be aggrieved by the deceptive and misleading labeling and advertising of the Products, as reasonable

5

consumers will continue to make the plausible connection that they are purchasing a Products capable of brewing 180 to 210 cups of coffee following the directions to use 1Tbsp of coffee per 1 6 oz cup.

23. Upon information and reasonable belief Defendant could sell the Products without deceptive labeling by, for example, by not providing directions to use 1Tbsp of coffee per one 6 oz cup of coffee followed by the statement that 180 to 210 6 oz cups can be brewed from the contents of the Product.

24. Alternatively, Defendant could sell the Product with an accurate representation as to the number of cups of coffee that could be brewed when following the 1 Tbsp of coffee per one 6 oz cup brewing directions.

25. Kraft Heinz unlawfully marketed, advertised, sold, and distributed the Products to purchasers.

26. Kraft Heinz sold the Products at a premium price, and Kraft Heinz's false and misleading representations deceive consumers for the reasons previously alleged above.

27. Plaintiff has performed all conditions precedent to bringing this Action.

28. As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations, Defendant injured Plaintiff and the other Class members in that Plaintiff and other Class members:

    a. paid a sum of money for the Products that were not as represented;

    b. paid a premium price for the Products that were not as represented;

 c. were deprived the benefit of the bargain because the Products they purchased were different than what Defendant warranted;

 d. were deprived the benefit of the bargain because the Products they purchased had less value than what was represented by Defendant;

 e. did not receive Products that measured up to their expectations as created by Defendant;

 f. purchased Products that were other than what was represented by Defendant;

 g. received Products that Plaintiffs and the other members of the Class did not expect or consent to; and

 h. received Products that were of a lower quality than what Defendant promised.

29. Had Defendant not made the false, misleading, and deceptive representations, Plaintiff and the other Class members would not have been economically injured because Plaintiff and the other Class members would not have purchased the Products.

30. Plaintiff and the other Class members would likely purchase the Products again if the deceptive advertising and labeling on the Products were corrected.

31. Accordingly, Plaintiff and the other Class members have suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

32. Plaintiff and the other Class members did not obtain the full value of

7

the advertised Products due to Defendant's misrepresentation.

33. Plaintiff and the other Class members purchased, purchased more of, or paid more for the Products than they would have done had they known the truth about the Product. They were deprived of a percentage of the servings represented on the label, because following the label directions of 1 Tbsp of coffee per one 6 oz cup, the Produce is incapable of making the minimum represented number of cups, which is 180 cups.

### Plaintiff's Reliance and Damages

34. Plaintiff purchased one or more of the Products in Broward County, Florida, during the Class Period.

35. The Products purchased by Plaintiff were deceptively advertised and marketed for the reasons previously alleged herein.

36. With respect to the Products, Plaintiff and members of the Class paid a price premium or received less than they bargained for, because Plaintiff and members of the Class reasonably believed the Products could be used to brew a specific number of cups of coffee, as specified on the label and in the advertising, not fewer than that number of cups.

37. Likewise, if Plaintiff and members of the Class had known that the Products could not be used to brew of the represented number of cups of coffee specified on the label and in the advertising, they would not have purchased the Products.

38. The Products are worth less than what Plaintiff and members of the Class paid for, and/or is not what Plaintiff and members of the Class reasonably

8

intended to receive.

39. Pursuant to Rule1.220, *Florida Rules of Civil Procedure*, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

> **All persons throughout the United States, who, within the four years preceding the filing the original Complaint ("Class Period"), purchased one or more containers of the Products for personal use and not resale ("Class").**

40. Excluded from the Class is Defendant, its subsidiaries, affiliates, and employees; all persons who make a timely election to be excluded from the Class; governmental entities; and the Judge(s) to whom this case is assigned and any immediate family members thereof.

41. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of Plaintiff's claims on a class-wide basis using the same evidence as would be used to prove those claims in individual actions alleging the same claims.

## A. Numerosity

42. The members of the Class are so numerous that individual joinder of all class members is impracticable.

43. The precise number of members of the Class is unknown to Plaintiff, but it is clear that the number greatly exceeds the number that would make joinder practicable, particularly given Defendant's comprehensive distribution and sales network throughout Florida.

44. Members of the Class may be notified of the pendency of this action

by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

### B.  Commonality and Predominance

45. This Action involves common questions of law or fact, which predominate over any questions affecting individual members of the Class.  All members of the Class were exposed to Defendant's deceptive and misleading advertising and marketing claims alleged herein.

46. Furthermore, common questions of law or fact include:

   a. whether Defendant engaged in the conduct as alleged herein;

   b. whether Defendant's practices violate applicable law cited herein;

   c. whether Plaintiff and the other members of the Class are entitled to actual, statutory, or other forms of damages, and/or other monetary relief; and

   d. whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive relief.

47. Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually, and on behalf of the other members of the Class.  Materially identical business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers.

### C. Typicality

48. Plaintiff's claims are typical of the claims of the other members of the

Class because, among other things, all members of the Class were comparably injured through the same uniform misconduct described herein.  Further, there are no defenses available to Defendant that are unique to Plaintiffs.

### D.  Adequacy of Representation

49.     Plaintiff is an adequate representative of the members of the Class because Plaintiff's interests do not conflict with the interests of the other members of the Class that Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff will prosecute this action vigorously. The Class' interests will be fairly and adequately protected by Plaintiff and Plaintiff's counsel. Undersigned counsel has represented consumers in a wide variety of actions where they have sought to protect consumers from fraudulent and deceptive practices.

### E.  Declaratory and Injunctive Relief

50.     Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the members of the Class as a whole.

### F.  Superiority

51.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are

relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.  Even if the members of the Class could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments; and increases the delay and expense to all parties and the court system and thereby unnecessarily clogging of dockets.

52. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Given the similar nature of the members of the Class' claims and the absence of material or dispositive differences in laws upon which the claims are based, the Class will be easily managed by the Court and the parties.

### FIRST CAUSE OF ACTION: VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201 *et seq.*

53. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein verbatim.

54. This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201 to 501.213, *Florida Statutes*.

55. The express purpose of FDUTPA is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."

Section 501.202(2), *Florida Statutes*.

56.  Section 501.204(1), *Florida Statutes* declares as unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

57.  The sale of the Products at issue in this cause were "consumer transactions" within the scope of FDUTPA.

58.  Plaintiff is a "consumer" as defined by Section 501.203, *Florida Statutes*.

59.  Defendant's Products are goods within the meaning of FDUTPA and Defendant is engaged in trade or commerce within the meaning of FDUTPA.

60.  Defendant's unfair and deceptive practices are likely to mislead—and have misled—reasonable consumers, such as Plaintiff and members of the Class, and therefore, violate Section 500.04, *Florida Statutes*.

61.  Defendant has violated FDUTPA by engaging in the unfair and deceptive practices described above, which offend public policies and are immoral, unethical, unscrupulous and substantially injurious to consumers.

62.  Specifically, Defendant marketed, labeled and advertised the Products in a deceptive, false and misleading manner since the representations contained on the Products cause reasonable consumers of the Products to believe The Products could be used to brew the number of cups of coffee specified in the advertising and on the label.

63.  Plaintiff and Class Members have been aggrieved by Defendant's unfair and deceptive practices in violation of FDUTPA, in that they purchased and

13

consumed Defendant's deceptively labeled and marketed Products.

64. Reasonable consumers rely on Defendant to honestly market and label the Products in a way that does not deceive reasonable consumers into believing they are purchasing a Products that could be used to brew the a specific number of cups of coffee specified on the label and in the advertising, when the truth is that the Products can brew far less than that amount.

65. Defendant has deceived reasonable consumers, like Plaintiffs and the Class, into believing the Products were something they was not.

66. Plaintiff and the Class suffered damages and are entitled to injunctive relief.

67. Pursuant to sections 501.211(2) and 501.2105, *Florida Statutes*, Plaintiff and the Class make claims for damages, attorney's fees and costs. The damages suffered by the Plaintiff and the Class were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendant. Additionally, pursuant to Section 501.211(1), *Florida Statutes*, Plaintiff and the Class seek injunctive relief for, *inter alia*, the Court to enjoin Defendant's above-described wrongful acts and practices, and for restitution and disgorgement.

68. Plaintiff seeks all available remedies, damages, and awards resulting from Defendant's violations of FDUTPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

    A.    For an order certifying that the Action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

    B.    For an award of equitable relief for all causes of action as follows:

        1.    Enjoining Defendant from continuing to engage, use, or employ any unfair and/or deceptive business acts or practices related to the design, testing, manufacture, assembly, development, marketing, advertising, or sale of the Products for the purpose of selling the Products in such manner as set forth in detail above, or from making any claims found to violate FDUTPA or the other causes of action as set forth above;

        2.    Restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive act or practices; and

    C.    For actual damages in an amount to be determined at trial for all causes of action;

    D.    For an award of attorney's fees and costs;

    E.    For any other relief the Court might deem just, appropriate, or proper; and

    F.    For an award of pre- and post-judgment interest on any amounts awarded.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Submitted this 24th day of July, 2020

SOUTHERN ATLANTIC LAW GROUP, PLLC

By:  /S/ Lydia Zbrzeznj
      Lydia S. Zbrzeznj
      Florida Bar No. 98181
      Nicholas T. Zbrzeznj
      Florida Bar No. 98180
      99 6th Street SW
      Winter Haven, FL 33880
      Telephone: (863)656-6672
      Facsimile: (863)301-4500
      Emails: lydia@southernatlanticlaw.com
      nick@southernatlanticlaw.com
      kara@southernatlanticlaw.com
      ATTORNEYS FOR PLAINTIFF

      Howard W. Rubenstein, Esq.
      The Law Office of Howard W. Rubinstein
      1281 N. Ocean Dr. Apt. 198
      Singer Island, FL 33404
      Telephone: 832-715-2788
      Fax: 561-688-0630
      Emails: howardr@pdq.net
      ATTORNEY FOR PLAINTIFF