UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62136-RAR

**KIMBERLY E. FERRON,** *individually and
on behalf of all others similarly situated*,

      Plaintiff,

v.

**KRAFT HEINZ FOODS COMPANY**,

      Defendant.
_____/

**ORDER PRELIMINARILY APPROVING CLASS ACTION
SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASS**

**THIS CAUSE** comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [ECF No. 39] filed on December 9, 2020. Plaintiff Kimberly E. Ferron and Defendant Kraft Heinz Foods Company have agreed to settle this action pursuant to the terms and conditions set forth in an executed Class Action Settlement Agreement ("Settlement") [ECF No. 39-1]. The Parties reached the Settlement through arm's-length negotiations with the help of a mediator, Hon. Wayne R. Andersen (Ret.) of JAMS. Pursuant to the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class will fully, finally, and forever resolve, discharge, and release their claims.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement. Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court

currently has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application"), and their rights to opt-out of the Settlement Class or object to the Settlement and/or Class Counsel's Fee Application; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.  Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court currently has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3. Venue is proper in this District.

## I. Provisional Class Certification and Appointment of Class Representative and Class Counsel

1. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). "There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." *Id.* In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

2. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present, and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class:

> **All Persons who purchased any Products, as defined in the Settlement Agreement, in the United States during the Class Period[1].**

Excluded from the Settlement Class are the following: (a) Persons who purchased or acquired any Products for resale; (b) the Released Parties; (c) all Persons who file a timely and valid Opt-Out; (d) Plaintiff's Counsel and Defendant's Counsel; (e) federal, state, and local governments (including all agencies and subdivisions, but excluding employees not otherwise excluded hereunder); and (f) the judicial officers and courtroom staff overseeing the Action.

---

[1] The "Class Period" is the period of time commencing on August 27, 2015 and ending on the date of this Order.

3. Specifically, the Court finds, for settlement purposes only and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) Numerosity: In the Action, hundreds-of-thousands of individuals located across the United States are members of the proposed Settlement Class. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.

(b) Commonality: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Defendant's class-wide practices are common to the Plaintiff and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way, and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c) Typicality: The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged Defendant's practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (stating that typicality is satisfied where "claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (stating that named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d) <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representative has any interests antagonistic to the class; and (2) whether the proposed class counsel possesses the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Here, Rule 23(a)(4) is satisfied because Plaintiff's interest are aligned with the Settlement Class, there are no conflicts of interest between Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent her and the Settlement Class. Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of this Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Emps. Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common questions are the primary aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover, each member of the

Settlement Class has claims that arise from the same or similar alleged Kraft practices as well as the same legal theories.

4.  The Court appoints Plaintiff Kimberly E. Ferron as Class Representative.

5.  The Court appoints (i) Law Office of L. DeWayne Layfield, PLLC; (ii) Southern Atlantic Law Group, PLLC; and (iii) Law Office of Howard W. Rubinstein, P.A. as Class Counsel.

6.  The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

## II. Preliminary Approval of the Settlement

1.  At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09-CV-60646, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

2.  The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties,

and their capable and experienced counsel.  The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

### III. Approval of Class Notice and the Claims Process

1. The Court approves the form and content of the Class notices, substantially in the forms attached to the Settlement, as well as the Claim Form attached thereto.  The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances.  The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application, and their rights to opt-out of the Settlement Class or object to the Settlement.  The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice.  The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

2. Heffler Claims Group shall serve as the Administrator.

3. The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Class notices substantially in the forms attached to the Settlement and approved by this Preliminary Approval Order.  Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order.  The Class Notice program shall include, to the extent

necessary, the Publication Notice, and Long-Form Settlement Notice, as set forth in the Settlement and below.

### A. *Publication Notice and Settlement Notice*

4. The Administrator shall administer the Publication Notice and Settlement Notice as set forth in the Settlement. As set forth in the Settlement Agreement, the Notice Date shall be thirty (30) days following the entry of this Preliminary Approval Order.

### B. *Settlement Website*

5. Prior to the Notice Date, the Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall include an online portal to file claims, hyperlinks to the Settlement, the Long-Form Settlement Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

6. The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

7. The Administrator shall prepare and send all notices required by the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq* ("CAFA").

## IV. **Final Approval Hearing, Opt-Outs, and Objections**

1. A Final Approval Hearing shall be held before this Court on **Monday, June 21, 2021 at 9:00 A.M.** to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application should be granted.

2. Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-

out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be completed in accordance with the Settlement and Notice, verified, and received on or before the last day of the Opt-out Period, which is sixty (60) days following the Notice Date ("Opt-Out Deadline"). Opt-out requests must be received by the Opt-Out Deadline at the addresses indicated in the Long-Form Settlement Notice.

3. Any Settlement Class Member may object to the Settlement or Class Counsel's Fee Application. Any such objections must be received by the Clerk of the Court, Class Counsel, and Defendant's Counsel, at the addresses indicated in the Long-Form Settlement Notice. For an objection to be considered by the Court, the objection must be received no later than sixty (60) days following the Notice Date, as set forth in the Notice ("Objection Deadline"). To be valid, an objection must include the following information:

    a. The case name and number, *Kimberly E. Ferron v. Kraft Heinz Foods Company,* Case No. 20-CV-62136-RAR, United States District Court for the Southern District of Florida;

    b. The name, address, telephone number, and, if available, the email address of the Person objecting;

    c. The name and address of the lawyer(s), if any, who is representing the Person making the Objection or who may be entitled to compensation in connection with the Objection;

    d. A detailed statement of Objection(s), including the grounds for those Objection(s);

    e. Copies of any papers, briefs, or other documents upon which the Objection is based;

    f. A statement of whether the Person objecting intends to appear at the Final Approval Hearing, either with or without counsel;

g. The identity of all counsel (if any) who will appear on behalf of the Person objecting at the Final Approval Hearing and all Persons (if any) who will be called to testify in support of the Objection;

h. A statement of his/her membership in the Settlement Class, including all information required by the Claim Form;

i. The signature of the Person objecting, in addition to the signature of any attorney representing the Person objecting in connection with the Objection; and

j. A detailed list of any other objection by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to the Settlement.

## V. Further Papers in Support of Settlement and Attorney's Fee Application

1. No later than fourteen (14) days prior to the Objection Deadline, Plaintiff and Class Counsel shall file their Application for an Award of Attorneys' Fees and Expenses and proposed orders.

2. No later than fourteen (14) days prior to the Final Approval Hearing, Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement and proposed orders.

3. No later than seven (7) days prior to the Final Approval Hearing, Plaintiff and Class Counsel shall file their responses to timely filed objections to both the Settlement and the Application for an Award of Attorneys' Fees and Expenses.

### VI. Effect of Failure to Approve Settlement

1. If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms, any documents exchanged or disclosed by the Parties to each other for settlement purposes, nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence or otherwise referenced or referred to in any future proceeding. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions, may be used as evidence.

### VII. Stay/Bar of Other Proceedings

1. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf (including any attorneys) are enjoined from threatening, commencing or prosecuting (either directly, representatively or in any other capacity) against any

of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

2. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| EVENT | DATE |
|---|---|
| Notice Date | February 17, 2021 |
| Objection Deadline and Opt-Out Deadline | April 7, 2021 |
| Deadline for filing Application for an Award of Attorneys' Fees and Expenses | March 24, 2021 |
| Deadline for filing Motion for Final Approval of the Settlement | June 7, 2021 |
| Deadline for Responses to Objections to the Settlement and the Application for an Award of Attorneys' Fees and Expenses | June 14, 2021 |
| Final Approval Hearing | June 21, 2021 |
| Last day for Claim Form to be received (by mail) or submitted (electronically) | May 18, 2021 |

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of January, 2021.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**

cc:  counsel of record