**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-62136**

**KIMBERLY E. FERRON, individually and**
**on behalf of all others similarly situated,**

      Plaintiff,

vs.

**KRAFT HEINZ FOODS COMPANY,**

      Defendant.

_____/

**DECLARATION OF L. DEWAYNE LAYFIELD IN**
**SUPPORT OF PLAINTIFF'S APPLICATION FOR**
**OF ATTORNEYS' FEES, EXPENSES AND COSTS**

I, L. DeWayne Layfield, hereby declare as follows:

1.       I am an attorney licensed to practice before all state courts in Texas, the United States District Courts for the Eastern, Southern and Western Districts of Texas, and the United States Court of Appeals for the Fifth Judicial Circuit. I am admitted *pro hac vice* before this Court in the above-referenced Action. I am the managing member of the Law Offices of L. DeWayne Layfield, PLLC, which is one of the firms appointed as Class Counsel for Plaintiff in the above-referenced action. I make this declaration in support of Plaintiff's Application for Attorneys' Fees, Expenses and Costs.

2.       The facts contained in this declaration are true and based on my personal knowledge and I could and would so testify if called as a witness on these facts.

3.       This case arises out of Plaintiff's allegations that Kraft Heinz Foods Company ("Defendant") deceptively and unlawfully labeled, packaged, and marketed the

Products as containing enough coffee such that the Products make a range of cups of coffee depending on the brewing instructions that are followed. According to Plaintiff, contrary to this representation, the Products do not contain enough ground coffee to make the stated number of cups when following the brewing instructions on the Product label.

4.      I am an experienced litigator with the Law Offices of L. DeWayne Layfield, PLLC, and am responsible for all litigation aspects of the firm's state and national class actions. My law firm has gained a reputation for being an experienced and effective consumer class action law firm. I believe it has gained this reputation due to the results obtained when I have served as Lead Counsel in class cases, and the contribution that my firm and I have collectively made in these areas.

5.      I am one the attorneys that is primarily responsible for representing Plaintiff in this action. In addition to the highly experienced support my firm and I have provided, this matter was also ably prosecuted by a team of esteemed litigators who are experienced in complex litigation. In addition to the Law Offices of L. DeWayne Layfield, Class Counsel in this matter includes Southern Atlantic Law Group, PLLC and the Law Office of Howard W. Rubinstein, PA.

6.      From the inception of this litigation, Class Counsel has aggressively prosecuted this case and vigorously represented the best interests of Plaintiff and the Class, including by: investigating the facts, testing the Products, conducting legal research, assembling and drafting pleadings, coordinating activities among Plaintiff's Counsel, including Southern Atlantic Law Group, PLLC, The Law Office of Howard W. Rubinstein, Law Office of L. DeWayne Layfield, PLLC, Carlson Lynch LLP, Bursor & Fisher, P.A., Faruqi & Faruqi, LLP, and Shank & Moore LLC who also represented

purchasers of the Products in litigation filed in other jurisdictions, communicating with counsel for Defendant, preparing for and engaging in an all-day mediation session with Hon Wayne Andersen (United States District Judge, Ret.), participating in dozens of telephone conferences with counsel for Defendant some involving the mediator, and crafting a fair, adequate, and reasonable settlement for the Class. My staff and I have devoted a considerable amount of time, effort, and resources to investigating and prosecuting Plaintiff's and the Class' claims, as have the other attorneys who serve as Class Counsel with me. The other Plaintiff's Counsel who have appeared and been admitted *pro hac vice* in this matter have also contributed to the investigation and prosecution of the claims at issue in this litigation.

7.      Class Counsel commenced work on this case by conducting a thorough and rigorous pre-litigation investigation, including with respect to the label representations on the Products and the amount of ground coffee contained in the Products. Once litigation was filed, Counsel vigorously prosecuted this case, including by drafting pleadings, engaging in informal discovery, reviewing documents, negotiating with defense counsel, mediating the case, and ultimately, crafting and drafting the necessary documentation of the resolution of this case.

8.      The primary goal of Plaintiff's counsel and the named Plaintiff was to obtain, by settlement or judgment, which provided the best overall common benefit for the Class Members at the earliest reasonable time.

9.      This litigation required considerable skill and experience to result in a fair, adequate and reasonable resolution for all members of the Class. The case required investigation and a mastery of complex factual circumstances, the ability to develop

creative legal theories, and the skill to respond to a host of legal defenses. In addition, Defendant is represented by the prominent and well-respected national law firms of Jenner & Block LLP and Kenny Nachwalter, P.A. This class action case against Defendant required advance planning, strategic skills, imagination, resourcefulness, and management abilities of the highest order to match a highly qualified, experienced, and formidable opposition. The prosecution and settlement of this litigation required a very high degree of competence, experience, and ability by Class Counsel.

10.     During a full-day mediation session (held via Zoom), the parties candidly expressed the strengths and weaknesses of their positions in a full and professional process spearheaded by the Hon. Wayne Andersen (United States District Judge, Ret.). During the lengthy mediation process, including dozens of follow up telephone conferences some involving the mediator, and with the skilled assistance of the Hon. Wayne Anderson, the parties were ultimately able to negotiate a Settlement that provides meaningful cash compensation to Settlement Class Members, as well as programmatic relief, and avoids the risks and delay of further litigation. The investigation, testing and negotiations process took a significant investment of time and effort. I believe that the substantive work accomplished by Class Counsel and their collective trial experience created a credible threat of success in ongoing litigation, which was critical to obtaining the excellent Settlement for the Class.

11.     After an all-day mediation, and subsequent telephonic discussions, the parties negotiated with one another to flesh out the settlement framework and the details of its proposed implementation. The parties continued to negotiate and exchange information regarding settlement details, including by examining potential approaches to

injunctive relief. This process included detailed negotiations of every aspect of the notice program, as there was great tension between the needs of Class Counsel to present a notice program that satisfied all due process requirements and ensured the best practicable notice to the Class, and the desire of Defendant for the notice program to be sensitive to their brand integrity.  Throughout this process the parties sought and obtained the continued assistance of the mediator.

12.     Plaintiff's intense pre-suit investigation, the experience of Class Counsel, as well as Plaintiff's effective litigation strategy, has made settlement possible. The Settlement result was achieved after numerous telephone calls, meetings, arms' length negotiations, an all-day mediation session with Hon. Wayne Andersen (Ret.), exchange of confidential business and technical information, and an open dialogue. The parties worked diligently to understand the underlying business facts in a completely transparent process. After disclosure of the facts, it was clear that the most appropriate relief included both monetary and programmatic relief.

13.     The results achieved in this case are fair, reasonable and in the best interest of the Class. They provide substantial relief to all class members, including that:

- Defendant will provide Programmatic Relief through the addressing the Challenge Language from the labels of the Products; and

- Defendant has agreed to a two-tiered structure to provide monetary relief to Class Members, under which Defendant will provide cash benefits to Settlement Class Members who timely make a valid claim with the Settlement Administrator. Defendant will compensate consumers for their

purchases pursuant to the two-tier structure set forth in the Settlement Agreement.

14.     The Law Offices of L. DeWayne Layfield, the other Class Counsel, and Plaintiff's Counsel prosecuted this case on a wholly contingent fee basis since commencing the litigation, as the Class Representative did not have the ability to pay our normal hourly rate.  When initiating litigation, Class Counsel and I anticipated a vigorous defense to Plaintiff's claims. This anticipation was confirmed through our informal discovery process and during mediation, as Defendant's presented strong and detailed defenses to Plaintiff's claims.

15.     The contingent fee has risks to the lawyers, including but not limited to: having to fund the underlying litigation; the unreimbursed time for lawyers and support staff; the risk of not recovering any fees or expenses throughout the case; and the opportunity costs of having to forego other hourly work, which would have in all likelihood resulted in attorneys' fees. The efforts required in this matter by my firm, and upon information and belief, each of the other firms representing the Class or Plaintiff, to forego other opportunities in order to fulfill their responsibilities in this matter. In connection with Final Approval, Class Counsel now seeks an award of attorneys' fees and costs.

16.     Throughout the mediation and negotiation efforts, and in advising our client of the proposed settlement, Class Counsel and I have at all times considered the fairness, reasonableness and adequacy of the settlement for the Class, taking into account: the strength of Plaintiff's case; the risk, expense, complexity, and likely duration of any further litigation and appeals; the risk of certifying a class and maintaining class action status throughout trial; the amount offered in settlement; and the experience and views of

Plaintiff's Counsel. Against the backdrop of counsel's collective experience in prosecuting complex class actions, we have considered the claims set forth in the Complaint and our continued confidence in the merit of those claims, the scope of relief offered in the settlement compared to the potential relief at the conclusion of litigation, and the risks and costs of continued litigation. Taking these factors into account, it is my opinion that the proposed settlement is fair, reasonable, and adequate, well within the range of possible approval, and therefore deserving of the Court's Final Approval and deserving of an award of attorney fees, expenses, and costs of $3,900,000.

17.     The Law Offices of L. DeWayne Layfield and Class Counsel have diligently investigated and prosecuted this matter, dedicating substantial time, effort, resources, and expertise to the investigation of the claims at issue in this action, and have successfully negotiated the settlement of this matter to the benefit of the Class.

18.     The Settlement was not arrived at until after Class Counsel had (1) conducted an extensive and comprehensive pre-suit investigation relating to the events and transactions underlying Plaintiff's claims prior to filing the Original Complaint; (2) thoroughly researched the law and facts pertinent to Plaintiff's claims and defenses raised by Defendant, and assessed the risks of prevailing on each of the respective claims on pre-trial motions and at trial; (3) engaged in informal discovery; and (4) exchanged, reviewed, and analyzed confidential business information.

19.     Class Counsel applies for a fee and expense award of $3,900,000. This amount represents 24.4% of the $16 million cash value of the Settlement Fund, and was the amount set forth in the Notice.  Neither the $16 million cash value nor the 24.4% percentage takes into account the significant non-monetary value provided through the

Programmatic Relief provided for under the settlement.  If the value of the Programmatic Relief was included along with the $16 million cash settlement fund, then the percentage fee award would be less than 24.4%.

20.     The Settlement procured by Plaintiff's counsel includes significant programmatic relief in the form of label changes for the thirty-five (35) Products at-issue in this Action, which provides an additional monetary benefit to the Class.

21.     I believe that the requested fee award is reasonable in relation to the excellent result achieved for the Settlement Class Members and the efforts of counsel. Further, such an award is supported by the benchmarks for fee awards, costs and expenses in this Court and other awards within the Eleventh Circuit.

22.     The fee provisions were not negotiated until after the substantive terms of the settlement had been agreed upon and then only under the supervision of Hon. Wayne Andersen (Ret.).

23.     Because the fee awarded in this matter is entirely contingent, the only certainty from the outset was that there would be no fee without a successful result, and that such a result would be realized only after skillful, and diligent work on behalf of Plaintiff and the Class.

24.     Plaintiff's success in this action was by no means assured. Defendant is represented by able counsel, who were sure to mount a substantial challenge. Were this settlement not achieved, and even if Plaintiff prevailed at trial, Plaintiff potentially faced years of costly and risky appellate litigation against Defendant, the ultimate success of which is far from certain. It is these risks that support the concept of percentage recoveries.

25.     I declare under penalty of perjury that the foregoing is true and correct.


Executed this 22nd day of March, 2021
Lenexa, Kansas


_____
      L. DeWayne Layfield