**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

CLASS REPRESENTATION

KIMBERLY E. FERRON,

       Plaintiff,                                      Case 0:20-cv-62136-RAR

vs.

KRAFT HEINZ FOODS COMPANY,

       Defendant.

_____/

**<u>CLASS ACTION SETTLEMENT AGREEMENT</u>**

      This Class Action Settlement Agreement is entered into as of this ___ day of December, 2020, by and among Plaintiff Kimberly E. Ferron, individually and on behalf of the Settlement Class Members, on the one hand, and Defendant Kraft Heinz Foods Company ("Kraft" or "Defendant"), on the other hand. Plaintiff and Defendant shall each individually be referred to herein as a "Party" and collectively as the "Parties." Capitalized terms used herein are defined in Section II of this Settlement or indicated in parentheses elsewhere in this Agreement. Subject to the Court's approval, the Parties hereby stipulate and agree that, in consideration for the promises and covenants set forth in the Settlement and upon the entry by the Court of a Final Approval Order and the occurrence of the Effective Date, the Action shall be settled and compromised upon the terms and conditions contained herein.

## I.    <u>RECITALS</u>

      **1.1**    Plaintiff filed a Class Action Complaint on July 24, 2020 against Defendant, individually and on behalf of a class of Persons who purchased the Products during the Class Period. Plaintiff alleges in the Class Action Complaint that Defendant deceptively and unlawfully labeled, packaged, and marketed the Products as containing enough coffee such that the Products

1

make a range of cups of coffee depending on the brewing instructions that are followed. According to Plaintiff, contrary to this representation, the Products do not contain enough ground coffee to make the stated number of cups when following the brewing instructions on the Product label. Plaintiff filed the operative First Amended Class Action Complaint on December 1, 2020.

1.2     The operative First Amended Class Action Complaint alleged claims for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), a Florida consumer protection law set forth in Section 501.201, *Florida Statutes, et seq.*, as well as all similar state consumer fraud statutes, and for breach of express warranty.

1.3     Plaintiff's counsel has analyzed and evaluated the merits of all Parties' contentions and this Settlement as it affects all Parties and the Settlement Class Members. After taking into account the foregoing, along with the risks and costs of further litigation, Plaintiff and Plaintiff's counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action and the prompt provision of effective relief to the Settlement Class are in the best interests of the Settlement Class Members.

1.4     Defendant has denied, and continues to deny, all material allegations of the Class Action Complaint, including that the Products were deceptively and unlawfully labeled, packaged, and marketed, or that any consumer suffered any harm or injury as a result of his or her purchase of the Products. Without admitting the truth of any allegations made in the Action, or any liability with respect thereto, Defendant has concluded that it is desirable that the claims against it be settled and dismissed on the terms reflected in this Agreement to resolve costly and burdensome litigation and to avoid further expense, inconvenience, and interference with ongoing business operations.

1.5     Defendant hereby consents, solely for the purposes of the settlement set forth herein, to the certification of the Settlement Class and appointment of Class Counsel as counsel

3013590

for the Settlement Class and Plaintiff as representative of the Settlement Class; provided, however, that if this Agreement fails to receive Court approval or otherwise fails to be executed, including but not limited to, the judgment not becoming final, then Defendant retains all rights it had immediately preceding its execution of this Agreement to object to the propriety of class certification in all other contexts and for all other purposes, and the Action will continue as if the Settlement Class had never been certified. The fact that Defendant conditionally consented herein to certification of the Settlement Class shall not be used against Defendant by any Party or non-party for any purpose in this Action or any other action, litigation, lawsuit, or proceeding of any kind whatsoever. The Parties agree, subject to approval by the Court, that the Action between Plaintiff, on the one hand, and Defendant, on the other hand, shall be fully and finally compromised, settled, and released on the terms and conditions set forth in this Agreement.

      **1.6**     This Agreement is contingent upon the issuance by the Court of both preliminary approval and final approval. Should the Court not issue preliminary approval and/or final approval, Defendant does not waive, and instead expressly reserves, all rights to defend the Action.

      **1.7**     This Agreement reflects a compromise between the Parties and shall in no event be construed as or be deemed an admission or concession by any Party of the truth, or lack thereof, of any allegation or the validity, or lack thereof, of any purported claim or defense asserted in any of the pleadings or filings in the Action, or of any fault on the part of Defendant, and all such allegations are expressly denied. Nothing in this Agreement shall constitute an admission of liability or be used as evidence of liability by or against any Party hereto.

## II.   **DEFINITIONS**

      As used in this Agreement and the attached exhibits (which are an integral part of the Settlement and of this Agreement and are incorporated in their entirety by reference), the following

3013590

terms shall have the meanings set forth below unless this Settlement specifically provides otherwise. Other capitalized terms in this Agreement but not defined in this section shall have the meanings ascribed to them elsewhere in this Agreement.

2.1     "Action" means the class action lawsuit styled as *Kimberly E. Ferron v. Kraft Heinz Foods Company,* Case No. 0:20-cv-62136-RAR, United States District Court for the Southern District of Florida.

2.2     "Administration Expenses" means reasonable fees and expenses incurred by the Settlement Administrator for all tasks the Settlement Administrator and any third parties perform in furtherance of the notice and administration of the Settlement and to secure performance as set forth in this Agreement.

2.3     "Agreement" means this Class Action Settlement Agreement containing all terms, conditions, and exhibits which constitute the entire agreement between the Parties relating to the subject matter hereof.

2.4     "Application" means any application to be filed by Class Counsel in this Action by which they will seek an award of attorneys' fees and/or reimbursement of costs and expenses they incurred prosecuting the Action.

2.5     "Attorneys' Fees and Costs Award" means such funds to be awarded by the Court based on the Settlement described herein to compensate Class Counsel, as described more particularly in Section VII of this Agreement.

2.6     "Benefit" means the benefit to the Settlement Class as consideration for the Released Claims and a dismissal with prejudice of the Action. Benefit means the cash payment available to a Claimant who files a Valid Claim under this Agreement. Benefit also includes the Programmatic Relief set forth in Section 5.1. The specific cash Benefit paid to the Settlement Class

is subject to review, validation, and adjustments by the Settlement Administrator based upon the terms and conditions of this Agreement.

2.7     "Benefit Payments" are issued for a Valid Claim as determined by the Settlement Administrator and in accordance with this Agreement.

2.8     "Challenged Language" means the representation on the label of the Products regarding the number of cups that could potentially be made from the contents of the container when following the label's measurement and brewing instructions. For example, the 26.8-ounce Maxwell House Master Blend can of ground coffee states that it "Makes 180 to 210 suggested strength servings" when following the label's measurement and brewing instructions.

2.9     "Claim" means a request for relief pursuant to this Settlement submitted by a Settlement Class Member on a Claim Form filed with the Settlement Administrator in accordance with the terms of this Agreement.

2.10     "Claim Form" means the proposed Claim Form in substantially the same form attached hereto as **Exhibit "A,"** to be used by Settlement Class Members to make a Claim under the Settlement, which form is to be approved by the Court and to be posted online in accordance with Section VI of this Agreement.

2.11     "Claim Period" means the period of time during which a Settlement Class Member must submit a Claim Form to be eligible to receive a monetary Benefit as part of the Settlement, which shall end at the Claims Deadline. The Claim Period shall be eighty-five (85) days and the beginning and end dates shall be agreed between the Parties and Settlement Administrator in order to ensure constitutionally adequate notice.

2.12     "Claimant" means a Settlement Class Member who files a Claim seeking the monetary portion of the Benefit under this Agreement.

5

3013590

**2.13**    "Claims Deadline" means the date by which a Claim Form must be returned via mail and received by the Settlement Administrator, or, if submitted online, electronically submitted by 11:59 p.m. Central Time, to be considered timely.  All Claims received or electronically submitted on or before the Claims Deadline shall be timely, and all Claims received or electronically submitted after the Claims Deadline shall be untimely and barred from entitlement to any monetary Benefit.  The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Settlement Notice and the Claim Form.

**2.14**    "Class Counsel" means the following: (i) Law Office of L. DeWayne Layfield, PLLC; (ii) Southern Atlantic Law Group, PLLC; and (iii) Law Office of Howard W. Rubinstein, P.A.

**2.15**    "Class Notice" means the Publication Notice, Media Plan, and Settlement Notice all in substantially the same form as set forth in Exhibit B attached hereto.

**2.16**    "Class Period" means the period of time commencing August 27, 2015 and ending on the date of Preliminary Approval of the Settlement by the Court.

**2.17**    "Class Representative" means Kimberly Ferron.

**2.18**    "Court" means the United States District Court for the Southern District of Florida.

**2.19**    "Defendant" has the meaning set forth in the first paragraph of this Agreement.

**2.20**    "Defendant's Counsel" means Jenner & Block LLP, and Kenny Nachwalter, P.A.

**2.21**    "Effective Date" means the fifth business day after the *last* of the following dates: (a) all Parties and their counsel, Defendant's Counsel and Class Counsel, have executed this Agreement; (b) the Court has entered the Final Approval Order; and (c) the date on which time to appeal or to seek permission to appeal from the Court's approval of this Agreement has expired or, if appealed, approval of this Agreement has been affirmed in its entirety by the court of last

resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review, or upon the denial of a writ of certiorari to review the order and final judgment from any court making the Final Approval Order a final, non-appealable judgment.

2.22    "Fairness Hearing" and/or "Final Approval Hearing" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement in accordance with applicable jurisprudence, to be held after notice has been provided to the Settlement Class in accordance with this Agreement, and where the Court will: (a) determine whether to grant final approval to the certification of the Settlement Class; (b) determine whether to designate Plaintiff as the representatives of the Settlement Class; (c) determine whether to designate Class Counsel as counsel for the Settlement Class; (d) determine whether to grant final approval to the Settlement; (e) rule on the Application; and (f) consider whether to enter the Final Approval Order.

2.23    "Final Approval Order" means an order, to be entered by the Court, providing, among other things, certification of the class, final approval of the Settlement and approval of this Agreement, dismissal of the Action with prejudice as to the Class Representative and Settlement Class Members' claims against Defendant, and entry of final judgment with respect thereto.

2.24    "Household" means all Persons who share a single physical address. For all Persons who are a legal entity such as a corporation, partnership, business organization or association, or any other type of legal entity, there can be only one physical address used even if such Person has multiple offices.

2.25    "Labeling" means all written, printed, or graphic matter appearing upon the packaging of any Product, as well as all written, printed, or graphic matter used in the distribution or sale of any Product, including, without limitation, all information, representations, instructions,

and pictorial content published or appearing in advertising, promotions, commercials, displays, print media, websites, social media, television, and all other media platforms and outlets, describing, explaining, and/or promoting any Product.

**2.26** "Media Plan" means the notice plan, in substantially the same form attached hereto as part of **Exhibit "B,"** developed by the Settlement Administrator to notify the Settlement Class of the Settlement Notice and to command the Settlement Class Members' attention to their rights under the Settlement. This Plan shall also provide for provision of all CAFA required notices.

**2.27** "Motion for Preliminary Approval of Settlement" means the motion, to be filed by Plaintiff, seeking entry by the Court of the Preliminary Approval Order, and includes all supporting papers.

**2.28** "Notice Date" means the date on which the Settlement Administrator begins disseminating the Settlement Notice consistent with the Preliminary Approval Order. The Notice Date shall be no fewer than seventy (70) days before the Final Approval Hearing.

**2.29** "Objection" means an objection properly filed with the Court in conformance with the terms of the Preliminary Approval Order by a member of the Settlement Class, objecting to any aspect of the Settlement.

**2.30** "Objection Deadline" means sixty (60) days after the Notice Date.

**2.31** "Opt-Out" means a request by a member of the Settlement Class to be excluded from the Settlement Class by following the procedures set forth in the Preliminary Approval Order and the Class Notice.

**2.32** "Opt-Out Deadline" means sixty (60) days after the Notice Date.

**2.33** "Parties" has the meaning set forth in the first paragraph of this Agreement.

**2.34**    "Person" means any natural person, corporation, partnership, business organization or association, or other type of legal entity.

**2.35**    "Plaintiff" means Kimberly Ferron.

**2.36**    "Plaintiff's Counsel" means the following: (i) Law Office of L. DeWayne Layfield, PLLC; (ii) Southern Atlantic Law Group, PLLC;  (iv) Law Office of Howard W. Rubinstein, P.A.; (iv) Carlson Lynch LLP; (v) Bursor & Fisher, P.A.; and (vi) Faruqi & Faruqi, LLP.

**2.37**    "Preliminary Approval Order" means an order, in substantially the same form of the Proposed Preliminary Approval Order attached hereto as **Exhibit "D,"** to be entered by the Court granting, among other things, preliminary approval of the Settlement.

**2.38**    "Product" and/or "Products" means all ground coffee products sold in cans, bricks, jars, or similar containers or any other packaging under the Maxwell House and Yuban brands, including but not limited to the products listed on **Exhibit "C."**

**2.39**    "Programmatic Relief" means the relief as set forth in detail in paragraph 5.1 below.

**2.40**    "Proof of Purchase" means a receipt or purchase record from a Released Party or other documentation from a third-party commercial source reasonably establishing the fact and date of purchase of the applicable Product during the Class Period in the United States.

**2.41**    "Proposed Preliminary Approval Order" means the order attached hereto as Exhibit "D."

**2.42**    "Publication Notice" means the proposed short form notice, in substantially the same form attached as part of Exhibit "B" hereto as well as attached to the Proposed Preliminary Approval Order, to be approved by the Court and to be published in accordance with Section VI of this Agreement.

**2.43**    "Released Claims" are those claims defined in paragraph 12.2 of this Agreement.

**2.44**    "Released Parties" means all manufacturers, distributors, retailers, sellers, and resellers of any Products, including Kraft Heinz Foods Company, together with each of the foregoing Persons' direct and indirect parent companies (including but not limited to The Kraft Heinz Company), predecessor entities, successor entities, related companies, direct and indirect subsidiaries, divisions, holding entities, past and present affiliates and banners, franchisees, distributors, wholesalers, retailers, advertising and production agencies, licensors, and agents, including all current and former officers, directors, managers, members, partners, owners, employees, shareholders, consultants, attorneys, legal representatives, insurers, agents, assigns, and other equity interest holders of any of the foregoing, and their heirs, executors, administrators, and assigns.

**2.45**    "Releases" means all releases identified in Section XII of this Agreement.

**2.46**    "Releasing Parties" means Plaintiff, the Class Representative, all Settlement Class Members, and any Person claiming by or through him/her/it, including any Person claiming to be his/her/its spouse, parent, child, heir, guardian, associate, co-owner, agent, insurer, administrator, devisee, predecessor, successor, assignee, equity interest holders or representatives of any kind (other than Plaintiff's Counsel), shareholder, partner, member, director, employee or affiliate, and their heirs, executors, administrators, and assigns.

**2.47**    "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Agreement and attached exhibits.

**2.48**    "Settlement Administrator" means Heffler Claims Group and notice of the Settlement shall be issued via publication with a settlement website where Settlement Class Members may read the detailed Class Notice to learn of their rights and procedures to Opt-Out or object. The Settlement Administrator will develop a detailed notice and media plan that meets

3013590

constitutional due process requirements. Additionally, the Settlement Administrator will administer the Claims processing and may request additional information to validate suspicious or potentially fraudulent Claim Forms.

**2.49** "Settlement Class" means, for purposes of the Settlement only, Defendant's agreement to the certification of a Settlement Class that includes: All Persons who purchased any Products in the United States during the Class Period. Excluded from the Settlement Class are the following: (a) Persons who purchased or acquired any Products for resale; (b) the Released Parties; (c) all Persons who file a timely and valid Opt-Out; (d) Plaintiff's Counsel and Defendant's Counsel; (e) federal, state, and local governments (including all agencies and subdivisions, but excluding employees not otherwise excluded hereunder); and (f) the judicial officers and courtroom staff overseeing the Action.

**2.50** "Settlement Class Members" means all Persons who are members of the Settlement Class.

**2.51** "Settlement Fund" means the total maximum amount that Defendants have agreed to make available—which shall not exceed sixteen million dollars and zero cents ($16,000,000.00)—to cover the cash portion of the Benefit paid to Settlement Class Members, Administration Expenses, and the Attorneys' Fees and Cost Award. It is expressly agreed that in no event shall Defendants be liable or responsible for any fees, costs or any other obligation beyond the maximum Settlement Fund amount.

**2.52** "Settlement Notice" means a long form notice substantially in the same form attached as part of Exhibit "B" hereto and attached to the Proposed Preliminary Approval Order, to be approved by the Court and to be disseminated in accordance with Section VI of this Agreement.

3013590

**2.53**    "Settlement Website" means the website to be created for this Settlement that will include information about the Action, the Settlement, and relevant documents and electronic and printable forms relating to the Settlement, including the Claim Form which can be submitted online or printed and mailed, and which Settlement Class Members can visit to read or request additional information   regarding   the   Settlement.   The   Settlement   Website   shall   be www.groundcoffeesettlement.com or another domain name to be agreed upon by the Parties.

**2.54**    "Tier" means the category a Settlement Class Member elects and is qualified under which to receive payment of a Benefit.

**2.55**    "Unit" means a stock keeping unit of any Product.

**2.56**    "Valid Claim" means a Claim Form submitted by a Settlement Class Member that is (a) submitted in accordance with the directions accompanying the Claim Form and the provisions of the Settlement; (b) on the initial submission, accurately, fully, and truthfully completed and executed, with all of the information required by the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) if returned via mail received on or before the Claims Deadline, or, if submitted online, is received by 11:59 p.m., Central Time, on the Claims Deadline; and (e) determined to be valid by the Settlement Administrator. Capitalized terms in this Agreement not defined in this Section II shall have the meanings ascribed to them elsewhere in this Agreement.

## III.    CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

**3.1**    This Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in, this Agreement, nor any action taken hereunder, shall constitute or be construed as an admission of: (a) the validity of any claim or allegation or of any defense asserted

in the Action; or (b) any wrongdoing, fault, violation of law, or liability on the part of any Party, Released Party, Settlement Class Member, or their respective counsel.

**3.2** For further clarity, the Parties will agree to certification of the Settlement Class as described above solely for the purposes of the Settlement. The Parties' stipulation to the certification of the Settlement Class is for purposes of this Agreement only. The Parties' agreement to the certification of the Settlement Class solely for the purpose of this Agreement does not, and shall not, constitute, in this or any other proceeding, an admission by any of the Defendant or any of the other Released Parties of any kind or any determination that certification of a class for trial or other litigation purposes in the Action or any other separate action is, or would be, appropriate. If the Settlement is not granted a Final Approval Order or this Agreement is otherwise terminated or rendered null and void, the certification of the Settlement Class shall be automatically vacated and shall not constitute evidence or any determination that the requirements for certification of a class for trial or other litigation purposes in the Action or any other action are satisfied; in such circumstances, the Parties agree that Defendant have reserved all rights to challenge certification of any class or subclass for trial or other litigation purposes in the Action or in any other action on all available grounds as if no class had been certified in the Action for purposes of the Settlement.

**3.3** For the purpose of implementing this Agreement, and for no other purpose, the Parties stipulate to the conditional certification of the Settlement Class in this Action as set forth in the Proposed Preliminary Approval Order. If for any reason this Agreement should fail to become effective, the Parties' agreement to certification of the Settlement Class provided for in this Section III, or to any other class or subclass, shall be null and void, and the Parties, and the Released Parties, shall return to their respective positions in the Action before this Agreement was executed.

3013590

## IV.     REQUIRED EVENTS

As soon as practicable after the execution of this Agreement, but no later than ten (10) days after execution of this Agreement, Plaintiff shall file in the Action this Agreement and a motion seeking entry of the Preliminary Approval Order, which Preliminary Approval Order shall by its terms accomplish all the following:

**4.1**     Preliminarily approve the Settlement and this Agreement as fair and reasonable to the Settlement Class;

**4.2**     Conditionally certify the Settlement Class for the purpose of effecting the Settlement;

**4.3**     Designate Plaintiff as the Class Representative of the Settlement Class;

**4.4**     Designate Class Counsel as counsel for the Settlement Class;

**4.5**     Approve the Settlement Administrator and instruct the Settlement Administrator to perform the following functions in accordance with the terms of this Agreement, the Preliminary Approval Order, and the Final Approval Order:

a.   Process Opt-Out requests in accordance with Section IX of this Agreement;

b.   Process Objections in accordance with Section IX of this Agreement;

c.   Process Claim Forms in accordance with Section VI of this Agreement;

d.   Before disseminating the Settlement Notice, establish the Settlement Website, which Settlement Class Members can visit to read and obtain additional information regarding the Settlement and to submit Claim Forms; and

e.   Set up and operate a toll-free automated interactive voice response system through which Settlement Class Members can access Settlement information.

3013590

**4.6**     Approve the form, contents, and method of notice to be given to the Settlement Class as set forth in Section VI of this Agreement, and direct Defendant to provide, and cause to be provided, such notice and to file with the Court a declaration of compliance with those notice requirements, as set forth in Section VI of this Agreement.

## V.     SETTLEMENT CONSIDERATION AND PROCEDURES FOR PROVIDING BENEFITS TO SETTLEMENT CLASS MEMBERS

### 5.1     Programmatic Relief

For a period (the "Restricted Period") beginning on the twelve-month anniversary of the order granting preliminary approval of the Settlement (the "PAO Date") and ending on the three-year anniversary of the PAO Date, Defendant, as manufacturer of the Products, shall either: (1) remove the Challenged Language from the Labeling of the Products (referred to herein as "Option 1"); or (2) revise the Challenged Language to list a range of suggested strength servings based on the ratio of one tablespoon per serving at the lower end of the range to the ratio of eight tablespoons per ten servings at the upper end of the range (referred to herein as "Option 2"). For the avoidance of doubt, Defendant shall have the option to select Option 1 or Option 2 with respect to each individual variety or stock-keeping unit ("SKU") of the Products, may elect Option 1 with respect to certain Products and Option 2 with respect to other Products, and may change the labeling of any given Product during the Restricted Period so long as the labeling complies with the requirements of either Option 1 or Option 2.

If Option 1 is selected for any given Product, Defendant shall ensure that the Challenged Language is removed from the Labeling of that Product during the Restricted Period.

If Option 2 is selected for any given Product, Defendant may state that each Product "Makes approximately [or about or up to] _____ to [or –] _____ suggested strength servings [or 6 fl oz. cups]." The lower end of the range shall be equivalent to the number of suggested strength

servings based on a ratio of one tablespoon per serving, and the upper end of the range shall be equivalent to the number of suggested strength servings based upon a ratio of eight tablespoons per ten servings. Defendant will verify through testing results from a reputable third-party laboratory the number of suggested strength servings for the lower and upper ends of the ranges to be listed on each Product's label. The Parties recognize that the number of coffee servings available in a container vary depending on density, grind, and other factors, and they agree that the number of servings in any given package will experience minor fluctuations consistent with the Maximum Allowable Variations for Packages Labeled by Weight, as determined by the National Institute of Standards & Technology of the United States Department of Commerce.

For the avoidance of doubt, the Released Parties, including Defendant, (i) shall be permitted to sell existing Product inventory and Products manufactured prior to the commencement of the Restricted Period (the "Specified Inventory") in the ordinary course of business and (ii) shall not be required to withdraw, destroy, or recall any Products included in the Specified Inventory in connection with the Programmatic Relief described herein. If, after Defendant has effectuated the label change contemplated under Option 1 or Option 2, Class Counsel or any Settlement Class Member believes that the Labeling of any Product does not comply with this section, they shall provide written notice to Defendant of the specific facts and circumstances of any alleged non-compliance and discuss in good faith with Defendant appropriate changes, if any, to the then-existing Labeling; to the extent agreed, Defendant will then have 120 days from the date of such agreement to bring its practices into compliance with this Section 5.1 and will not be deemed to be in breach of this Agreement if it does so within such 120-day period. If no agreement is reached, Class Counsel or any Class Member may apply to the Court to enforce the Agreement.

3013590

**5.2     Monetary Benefit Available to Settlement Class Members**

Subject to the rights, terms, and conditions of this Agreement, Defendant will pay or cause to be paid Valid Claims based on which of the following two Tiers the Settlement Class Member elects and for which the Settlement Class Member qualifies:

  a)   <u>Tier 1</u>. Settlement Class Members who elect to fill out the Claim Form section for Tier 1 and who do not have valid Proof of Purchase may recover $.80 per Unit purchased, up to a maximum of 6 Units per Household; or

  b)   <u>Tier 2</u>. Settlement Class Members who elect to fill out the Claim Form section for Tier 2 and who provide valid Proof(s) of Purchase may recover $.80 per Unit purchased for the number of Units for which a valid Proof of Purchase has been provided, up to a maximum reimbursement of twenty-five dollars ($25.00) per Household.

For the avoidance of doubt, a Settlement Class Member may file a single Claim only, electing either Tier 1 or Tier 2 per Household.

**5.3     No Unclaimed Property Rights**

Defendant guarantees to pay the monetary Benefit as determined by the Settlement Administrator pursuant to the terms and conditions of this Agreement. Notwithstanding anything to the contrary, Defendant shall pay Valid Claims only. This Agreement does not create any vested property interest or unclaimed property rights for Settlement Class Members who do not file Valid Claims.

**VI.     <u>PROCEDURES FOR PROVIDING BENEFIT TO SETTLEMENT CLASS MEMBERS</u>**

**6.1**     Plaintiff shall request that the Court approve Heffler Claims Group as the Settlement Administrator. The Settlement Administrator shall, subject to the supervision of the

17

Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel, Defendant's Counsel, the Parties, and their representatives, promptly upon request.

6.2     At the election of the Settlement Class Members, the Settlement Administrator shall accept Claim Forms submitted in paper via first class mail or online at the Settlement Website. If mailed, Claim Forms mailed must be received on or before the Claims Deadline, or, if electronically submitted, Claim Forms must be submitted online no later than 11:59 p.m. Central Time of the Claims Deadline. Claim Forms received or submitted online after that date will not be Valid Claims. The Settlement Administrator will track Claim Forms with unique security identifiers or control numbers issued to Persons who seek to file a Claim. For Claim Forms that are submitted online, the Settlement Class Member shall have the opportunity to upload a Proof of Purchase image file (e.g., jpg, tif, pdf), to preview and confirm information entered in the Claim Form prior to submitting the Claim, and to print a page immediately after the Claim Form has been submitted showing the information entered, the names of image file(s) uploaded, and the date and time the Claim Form was submitted.

6.3     On the Claim Form, the Settlement Administrator shall validate that the Settlement Class Member has completed all sections of the Claim Form completely and certified the truth and accuracy of the following information under the penalty of perjury, including by signing the Claim Form physically or by e-signature, or the Claim will not be considered a Valid Claim by the Settlement Administrator:

18

3013590

a) The Settlement Class Member's name and mailing address;

b) The Settlement Class Member's email address (unless the Settlement Class Member requests a Claim Form by mail, in which case an email address is optional);

c) The name of the Products purchased, the number of Units purchased during the Class Period, the approximate dates of purchase, and the store where purchased;

d) That the claimed purchases were not made for purposes of resale; and

e) A security code or control number provided by the Settlement Administrator.

6.4    The Settlement Administrator shall be responsible for, among other things, providing notice as set forth in the Media Plan, processing Claim Forms, and administering the Settlement Website, Opt-Out process, and Settlement claims process described herein (including receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for Opt-Out). The Settlement Administrator will use adequate and customary procedures and standards to prevent the payment of fraudulent claims and to pay only Valid Claims. The Settlement Administrator and Parties shall have the right to audit claims, and the Settlement Administrator may request additional information from Claimants including by cross examination. The Settlement Administrator will approve Valid Claims and issue payment based upon the terms and conditions of this Agreement or may reject Claims which are not Valid Claims or evidence waste, fraud, or abuse. The determination of validity of Claims shall occur within sixty (60) days of the end of the Claim Period. The Settlement Administrator shall approve or deny all Claims, and its decision shall be final, binding, and non-appealable by the Party or by Settlement Class Members. None of Plaintiff, Defendant, Class Counsel nor Defendant's Counsel, shall have any liability whatsoever for any act or omission of the Settlement Administrator.

3013590

**6.5** The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall promptly provide Class Counsel and Defendant's Counsel with information concerning notice, administration, and implementation of the Settlement. Should the Court request or should it be reasonably advisable to do so, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator. Without limiting the foregoing, the Settlement Administrator shall:

a) Prepare and deliver the required Class Action Fairness Act Notice to all required recipients including federal recipients and all required state officials.

b) Promptly forward upon request to Defendant's Counsel and Class Counsel, copies of all documents and other materials relating to the administration of the Settlement;

c) Receive requests from Settlement Class Members to Opt-Out from the Settlement Class and promptly provide to Class Counsel and Defendant's Counsel a copy thereof upon receipt. If the Settlement Administrator receives any Opt-Out requests from Settlement Class Members after the Opt-Out Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

d) Provide reports and summaries, as requested, to Class Counsel and Defendant's Counsel, including, without limitation, reports regarding the number of Claim Forms received and the identity of the Settlement Class Members;

e) Employ reasonable procedures to screen Claim Forms for waste, fraud, and abuse and shall reject a Claim Form, or any part of a Claim for a payment reflected therein,

where the Settlement Administrator determines that there is evidence of waste, fraud, or abuse. The Settlement Administrator will review each Claim Form based upon the initial submission by the Settlement Class Member and ensure that each is complete, properly substantiated and, based on the substantiation, determine the appropriate monetary Benefit to be paid, if any, in accordance with the terms of this Agreement (the Settlement Administrator is empowered to pay Valid Claims only);

f)   Prepare a declaration attesting to compliance with the Class Notice requirements set forth below and identifying all Opt-Outs and/or objectors. Such declaration shall be provided to Defendant's Counsel and Class Counsel for filing with the Court no later than seven (7) days prior to the Final Approval Hearing; and

g)   Issue Benefit Payments. Defendant are obligated to pay Valid Claims only. All Benefit Payments issued by check pursuant to the Settlement shall bear in the legend that they expire if not negotiated within sixty (60) days of their date of issue. To the extent that a Benefit Payment issued to a Settlement Class Member is not negotiated within sixty (60) days after the date of issue, the payment will be void. 180 days after the void date the Settlement Administrator will close the Settlement fund account and any money that has not been distributed because of uncashed checks or unclaimed funds shall be returned to Defendants.

**6.6**     The Settlement Administrator shall serve notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b).  Class Counsel and/or Defendant's Counsel will provide the Court with confirmation of service on or before the date of the Final Approval Hearing.

3013590

**6**.7     Defendants shall not be required to fund the Settlement or provide any funds to the Settlement Administrator ahead of the deadlines set forth herein, so long as the Settlement Administrator has sufficient time to make payments as set forth herein.  Any amount remaining in the Settlement Fund after payment of monetary Benefits to Settlement Class Members, Administration Expenses, and the Attorneys' Fees and Costs Award shall remain the property of Defendant.

## VII.   <u>CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES, REIMBURSEMENT OF COSTS</u>

**7.1**     Defendant has agreed to pay, as an Attorneys' Fees and Costs Award to Class Counsel, the amount of three million nine hundred thousand dollars ($3,900,000) in the aggregate, which will cover the attorneys' fees and costs awarded by the Court to Class Counsel for all the past, present, and future attorneys' fees, costs (including court costs), expenses, and disbursements incurred by them and their experts, staff, and consultants in connection with the Action. Class Counsel agrees that they will not file any request with the Court seeking an Attorneys' Fees and Costs Award that is greater than $3,900,000 in the aggregate. Neither Defendant nor Defendant's Counsel shall have any responsibility for, or interest in, or liability whatsoever with respect to allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Attorneys' Fees and Costs Award that the Court may make.

**7.2**     Court approval of the Attorneys' Fees and Costs Award will not be a condition of the Settlement. If the Court denies, in whole or part, Class Counsel's Application for Attorneys' Fees and Costs Award, the remainder of the terms of this Agreement shall remain in effect. In addition, no interest will accrue on such amounts at any time. Neither Class Counsel nor Plaintiff will request nor will they accept any award inconsistent with these terms in paragraph 7.1 or paragraph 7.2.

3013590

7.3     Defendant agrees that it will not object to the amount of Class Counsel's Application for an Attorneys' Fees and Costs Award up to the amounts set forth in paragraph 7.1. Defendant shall deposit the sums awarded and approved by the Court in an account established and maintained by the Settlement Administrator no later than ten (10) business days following the earlier of (i) the Effective Date or (ii) such date that Class Counsel provides payment security in a form agreed by Class Counsel and Defendant in its sole discretion (which security shall provide for recovery of all fees and expenses paid to Class Counsel in the event that the final judgment or Attorneys' Fees and Costs Award is reversed or otherwise reduced); provided, that the date described in clause (ii) shall not occur prior to the following entry of the Final Approval Order and award of the Attorneys' Fees and Costs Award. Defendant agrees that it will pay the amounts approved by the Court within the time required by this paragraph.

7.4     Class Counsel shall provide Defendant with all necessary accounting and tax information, including W-9 forms, with reasonable advance notice, and in no instance later than the Effective Date, to allow Defendant to make the Attorneys' Fees and Costs Award payment as set forth above.

## VIII.   <u>NOTICE AND DISSEMINATION TO THE SETTLEMENT CLASS, AND CLAIMS DEADLINE</u>

Subject to Court approval, the Parties agree that Defendant shall cause notice of the proposed Settlement to be provided to the Settlement Class (in both the English and Spanish languages) by the following methods:

### 8.1     Settlement Notice

The Parties agree that the Settlement Notice shall otherwise be in the manner and form agreed by the Parties and approved by the Court. Collectively, the Settlement Notice shall in general terms set forth and sufficiently inform the Settlement Class Members of: (1) a short, plain

statement of the background of the Action, the Settlement Class certification, and the essential terms of the Settlement; (2) appropriate means for obtaining additional information regarding the Settlement and the Action; (3) appropriate information concerning the procedure for objecting or opting-out from the Settlement, if they should wish to do so; and (4) that any relief to Settlement Class Members is contingent on the Court's final approval of the Settlement. The Parties will request the Court to approve the Settlement Notice in the Preliminary Approval Order.

### 8.2    Publication Notice

Similarly, the Settlement Administrator will cause the Publication Notice to be published in accordance with the Media Plan attached as part of Exhibit "B." The Parties agree that the Publication Notice provides to the Settlement Class and Settlement Class Members information sufficient to inform them of: the essential terms of the Settlement; appropriate means for obtaining additional information regarding the Settlement and the Action; and, appropriate information about the procedure for objecting or opting-out from the Settlement, if they should wish to do so. Because the Media Plan is determined to be the best notice practicable under the circumstances and satisfies due process, the Parties will request the Court to approve the Media Plan in the Preliminary Approval Order.

### 8.3    Settlement Website

Prior to the Notice Date, the Settlement Administrator will establish a Settlement Website that will contain information about the Action, the Settlement, and relevant documents, including the First Amended Class Action Petition in the Action, the Motion for Preliminary Approval, the Preliminary Approval Order, this Agreement, Application for Attorneys' Fees and Costs Award, Settlement Notice, Publication Notice, and Claim Forms. The Settlement Website will also identify key deadlines and dates (e.g., the Claims Deadline, the Opt-Out Deadline, the Objection Deadline,

and the date of Final Approval Hearing), and direct Settlement Class Members on how to submit Claim Forms and include a "Frequently Asked Questions" section.

### 8.4     Toll-Free Telephone Support Line

The Settlement Administrator will establish a toll-free telephone support line that will provide Settlement Class Members with general information about the Action and will respond to frequently asked questions about the Action and claim procedure available exclusively through an interactive voice response (IVR), which shall be available in English and Spanish.

### 8.5     Methods for Dissemination of Notice

As soon as practicable, but no later than thirty (30) days after the Court's entry of the Preliminary Approval Order, the Settlement Administrator shall disseminate the Settlement Notice consistent with the Preliminary Approval Order by setting up the Settlement Website on the Internet and posting both the Settlement Notice and Publication Notice.

Within thirty (30) days after the entry of the Preliminary Approval Order, the Settlement Administrator shall initate the Publication Notice pursuant to the Media Plan.

### 8.6     Declaration of Compliance

The Settlement Administrator shall prepare a declaration attesting to compliance with the Settlement Notice requirements set forth above and a statement of the number of Persons the Media Plan reached. Such declaration shall be provided to Defendant's Counsel and Class Counsel and filed with the Court no later than seven (7) days prior to the Final Approval Hearing.

### 8.7     Report on Requests for Exclusion and Objections

Not later than seven (7) days before the Final Approval Hearing, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file with the Court, and Defendant's Counsel, a report stating the total number of Persons who have submitted timely and

3013590

valid Opt-Out requests from the Settlement Class and Objections to the Settlement, and the names of such Persons.

## IX.   OBJECTIONS AND REQUESTS FOR EXCLUSION

### 9.1    Objections

Any Settlement Class Member who intends to object to the Settlement must do so no later than the Objection Deadline. In order to object, the Settlement Class Member must file with the Clerk of the Court, on or before the Objection Deadline, and provide a copy to the Settlement Administrator, Class Counsel, and Defendant's Counsel, on or before the Objection Deadline,  a document that includes:

a)  The case name and number, *Kimberly E. Ferron v. Kraft Heinz Foods Company,* Case No. 0:20-cv-62136-RAR, United States District Court for the Southern District of Florida.

b)  The name, address, telephone number, and, if available, the email address of the Person objecting;

c)  The name and address of the lawyer(s), if any, who is representing the Person making the Objection or who may be entitled to compensation in connection with the Objection;

d)  A detailed statement of Objection(s), including the grounds for those Objection(s);

e)  Copies of any papers, briefs, or other documents upon which the Objection is based;

f)  A statement of whether the Person objecting intends to appear at the Final Approval Hearing, either with or without counsel;

g) The identity of all counsel (if any) who will appear on behalf of the Person objecting at the Final Approval Hearing and all Persons (if any) who will be called to testify in support of the Objection;

h) A statement of his/her membership in the Settlement Class, including all information required by the Claim Form;

i) The signature of the Person objecting, in addition to the signature of any attorney representing the Person objecting in connection with the Objection; and

j) A detailed list of any other objection by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement. This information is requested in order to assist the Court in determining whether the Objection is made by a professional objector seeking financial consideration for their efforts. Failing to provide this information will not affect the validity of the Objection, but may result in the Court presuming that the Objection is made by a professional objector.

**9.2    Compliance with Objection Requirements**

Any Settlement Class Member who fails to file and serve timely a written Objection containing all of the information listed in the items (a) through (j) of the preceding paragraph, including notice of his/her intent to appear at the Final Approval Hearing, shall not be permitted

3013590

to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by any means, including but not limited to an appeal.

Any Settlement Class Member who submits a timely written Objection shall consent to deposition by Class Counsel prior to the Final Approval Hearing.

### 9.3     Requests for Exclusion

Any Settlement Class Member may Opt-Out. A Settlement Class Member who wishes to Opt-Out must do so no later than the Opt-Out Deadline. In order to Opt-Out, a Settlement Class Member must mail to the Settlement Administrator a request to Opt-Out that is received no later than the Opt-Out Deadline. The Opt-Out request must contain the requestor's name, address, the words "I wish to be excluded from the "*Kimberly E. Ferron v. Kraft Heinz Foods Company,* Class Action," and signature.

Opt-Out requests that are received after the Opt-Out Deadline will be considered invalid and of no effect, and the Person who submits an untimely Opt-Out request will remain a Settlement Class Member and will be bound by any Orders entered by the Court, including the Final Approval Order. Except for those Persons who have properly and timely submitted Opt-Out requests, all Settlement Class Members will be bound by this Agreement and the Final Approval Order, including the Releases contained herein, regardless of whether they file a Claim or receive any monetary Benefit.

Any Person who timely and properly submits an Opt-Out request shall not: (a) be bound by any orders or the Final Approval Order nor by the Releases contained herein; (b) be entitled to any relief under the Settlement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of this Agreement.

3013590

Each Person requesting to Opt-Out from the Settlement Class must personally sign his/her own individual Opt-Out request. No Person may Opt-Out of the Settlement Class by any other Person, and no Person shall be deemed to have Opted-Out of the Settlement Class through any purported "mass" or "class" Opt-Outs.

The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a final list of timely Opt-Out requests received by the Settlement Administrator within five (5) business days after the Opt-Out Deadline.

In the event that a Person submits an Opt-Out and an Objection, or presents a submission that is otherwise unclear on its face, as determined by the Settlement Administrator, the submission shall be interpreted to be an Opt-Out.

## X.    **COSTS OF NOTICE AND ADMINISTRATION**

In addition to providing to Settlement Class Members the benefits described in Section V above, Defendant will pay actual fees and expenses for: (a) the costs of preparing and disseminating the notices provided for in Section VI above; and (b) the other Administration Expenses, including payments made for the services of the Settlement Administrator and third-party expenses. Notwithstanding anything to the contrary herein, Defendant shall not be responsible for any cost that may be incurred by, on behalf of, or at the direction of Plaintiff or Class Counsel in: (a) responding to inquiries about this Agreement, the Settlement, or the Action; (b) defending this Agreement or the Settlement against any challenge to either or both of them; or (c) defending against any challenge to the Preliminary Approval Order, Final Approval Order, or judgment entered pursuant to this Agreement.

3013590

## XI.   PROCEDURES FOR SETTLEMENT APPROVAL

### 11.1   Preliminary Approval

Plaintiff shall move the Court for entry of the Preliminary Approval Order as set forth in Section IV.

### 11.2   Final Approval

No fewer than fourteen (14) days prior to the date set by the Court for the Fairness Hearing, Plaintiff shall apply to the Court for entry of the Final Approval Order, subject to changes agreed to by the Parties for accuracy, formatting, or clarity.

At the Fairness Hearing, the Parties will jointly request the Court to enter the Final Approval Order, which: (a) grants final approval of the certification of the Settlement Class solely for the purposes of the Settlement; (b) designates the Class Representatives; (c) designates Class Counsel conditionally approved in the Preliminary Approval Order; (d) grants final approval to the Settlement and establishes this Agreement as fair, reasonable, and adequate to the Settlement Class; (e) provides for the Releases of all Released Claims and enjoins Settlement Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims; (f) approves the final list of timely Opt-Outs provided by the Settlement Administrator who will not be bound by the Settlement and Final Approval Order; (g) orders the dismissal with prejudice of all claims, causes of action, and counts alleged in the Action, and incorporates the Releases stated in this Agreement, with each of the Parties to bear its or his own costs and attorneys' fees, except as provided in Section VII above; (h) authorizes the payment by Defendant of the Attorneys' Fees and Costs Award in accordance with Section VII above and the terms of this Agreement; and (i) preserves the Court's continuing jurisdiction over the administration of the Settlement and enforcement of this Agreement.

## XII.  **RELEASES**

**12.1**     By executing this Agreement, the Parties acknowledge that, upon both the entry of the Final Approval Order by the Court, and the passing of the Effective Date, the Action shall be dismissed with prejudice, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released as to the Released Parties. The Final Approval Order shall provide for and effect the full and final release, by the Releasing Parties, of all Released Claims, consistent with the terms of this Agreement. The relief provided for in this Agreement shall be the sole and exclusive remedy for any and all claims of Settlement Class Members against the Released Parties related to the Released Claims.

**12.2**     The Releasing Parties hereby fully release and forever discharge the Released Parties from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, asserted or unasserted, claims, demands, liabilities, rights, debts, obligations, liens, contracts, agreements, judgments, actions, suits, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, penalties, fees, attorneys' fees, and/or obligations of any nature whatsoever, whether known or unknown, whether at law or in equity, whether accrued or unaccrued, whether previously existing, existing now or arising in the future, whether direct, individual, representative, or class, of every nature, kind and description whatsoever, based on any federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, relating in any way to any conduct prior to the date of the Preliminary Approval Order and that: (a) is or are based on any act, omission, inadequacy, misstatement, representation (express or implied), harm, matter, cause, or event related to any Product; (b) involves legal claims that have

31

3013590

been asserted in the Action or could have been asserted in the Action; or (c) involves the advertising, marketing, promotion, purchase, sale, distribution, design, testing, manufacture, application, use, performance, warranting, packaging of the Products or Labeling (collectively, the "Released Claims"). The Releasing Parties acknowledge that, in releasing the Released Claims, they expressly waive all rights under Section 1542 of the California Civil Code (and any similar law), which Section provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties acknowledge and agree that personal injury claims are not part of any of the facts alleged by Class Representatives in this Action and that personal injury claims are not included within the Released Claims.

**12.3** Nothing herein is intended to release: any claims that any governmental agency or governmental actor has against the Released Parties, any claims asserted for acts or omissions outside of the Class Period or any claims on behalf of any other entity other than the Releasing Parties.

**12.4** Each of the Releasing Parties shall forever refrain, whether directly or indirectly, from instituting, filing, maintaining, prosecuting, assisting with or continuing any suit, action, claim, or proceeding against any of the Released Parties in connection with any of the Released Claims (a "Precluded Action"). If any of the Releasing Parties does institute, file, maintain, prosecute, or continue any such Precluded Action, Plaintiff and Class Counsel shall cooperate with the efforts of any of the Released Parties to obtain dismissal with prejudice. The releases provided for herein shall be a complete defense to, and will preclude, any Released Claim in any suit, action, claim, or proceeding. The Final Approval Order shall further provide for and effect the release of

all known or unknown claims actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, contingent or absolute, that the Released Parties now have against Plaintiff, Class Representatives, Class Counsel, or Plaintiffs Counsel by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Action, except with respect to any breach of the terms of this Agreement by any of Plaintiff, Class Representatives, or Class Counsel.

**12.5**    The Court shall retain jurisdiction over the Parties and this Agreement with respect to the future performance of the terms of this Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement are properly made or taken.

## XIII.   **FINAL SETTLEMENT APPROVAL**

This Agreement is subject to and conditioned upon the issuance by the Court of the Final Approval Order that finally certifies the Settlement Class for the purposes of this Settlement, grants final approval of this Agreement and the Settlement, and provides the relief specified herein, which relief shall be subject to the terms and conditions of this Agreement and the Parties' performance of their continuing rights and obligations hereunder. Court approval of the Attorneys' Fees and Costs Award will not be a condition of the Settlement. If the Court denies, in whole or part, Class Counsel's Application for an Attorneys' Fees and Costs Award, the remainder of the terms of this Agreement shall remain in effect.

## XIV.   **REPRESENTATIONS AND WARRANTIES**

Each specified Party represents and warrants, severally and not jointly, to the other Parties as follows:

3013590

**14.1**    Each Party has had the opportunity to receive, and has received, independent legal advice from his or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal and income tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

**14.2**    Defendant represents and warrants that: (a) it has the requisite corporate power and authority to execute, deliver, and perform the Agreement and to consummate the transactions contemplated hereby; (b) the execution, delivery, and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of each Defendant; and (c) the Agreement has been duly and validly executed and delivered by Defendant and constitutes its legal, valid, and binding obligation.

**14.3**    The Class Representative represents and warrants, severally and not jointly, that she is entering into the Agreement on behalf of herself individually and as a proposed representative of the Settlement Class Members, of her own free will and without the receipt of any consideration other than what is provided in this Agreement or disclosed to, and authorized by, the Court. The Class Representative represents and warrants, severally and not jointly, that she has reviewed the terms of the Agreement in consultation with Class Counsel and believes them to be fair and reasonable, and covenants that she will not file an Opt-Out request or object to this Agreement.

**14.4**    Plaintiff represents and warrants, severally and not jointly, that no portion of any claim, right, demand, action, or cause of action against any of the Released Parties that Plaintiff has or may have arising out of the Action or pertaining to his/her purchase and/or use of the Product and/or the design, manufacture, testing, marketing, Labeling, packaging, or sale of the Product otherwise referred to in this Agreement, and no portion of any recovery or settlement to which

Plaintiff may be entitled, has been assigned, transferred, or conveyed by or for Plaintiff in any manner; and no Person other than Plaintiff has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiff herself.

14.5    Each Party does not rely or has not relied on any statement, representation, omission, inducement, or promise of any other Party (or any officer, agent, employee, representative, or attorney for any other Party) in executing this Agreement, or entering the Settlement provided for herein, except as expressly stated in this Agreement or any other validly executed written agreement.

## XV.    NO ADMISSION OF FAULT, INADMISSIBILITY

15.1    The Agreement and every agreement and term contained in it are conditioned upon final approval of the Court and are made for settlement purposes only. Whether or not consummated, this Agreement shall not be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by Plaintiff, the Releasing Parties, any Settlement Class Member or any Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party.

## XVI.    MISCELLANEOUS PROVISIONS

### 16.1    Conditional Nature of Settlement and Termination

Each Party shall have the right to terminate this Agreement by providing written notice of its election to do so to the other Parties within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in substantially the form attached to this Agreement; (b) the

3013590

Court's refusal to approve this Agreement or any part of it; (c) the Court's declining to enter the Final Approval Order which is consistent in all material respects with the terms of this Agreement; (d) the date upon which the Final Approval Order is modified or reversed in any respect by the Court of Appeals or the Supreme Court; (e) in the event that the Court enters an order and final judgment in a form other than that provided in this Agreement ("Alternative Judgment") and no Party elects to terminate this Agreement, the date that such Alternative Judgment is modified or reversed in any respect by the applicable appellate court or the Supreme Court; or (f) in the event that more than 1,000 members of the Settlement Class Opt-Out pursuant to Section IX above.

### 16.2    Evidentiary Preclusion

The Parties agree that, to the fullest extent permitted by law, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party or the appropriateness of class certification in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. In addition, any failure of the Court to approve the Settlement and/or any objections or interventions may not be used as evidence in the Action or any other proceeding for any purpose whatsoever. However, the Released Parties may file this Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in any jurisdiction in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

3013590

### 16.3    Effect of Non-Approval

In the event that this Agreement is not approved by the Court in substantially its present form, the Court rejects or modifies any of the material terms of this Agreement, any Objection to the Settlement is sustained by the Court, or the Settlement does not become final for any reason, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties or the Settlement Class Members, and shall not be used in the Action or in any other action or proceeding for any purpose, and any order or judgment entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*. In such event, this Agreement and all negotiations, proceedings, documents prepared and statements made in connection with this Agreement shall be without prejudice to any Party or Settlement Class Member and shall not be admissible or offered into evidence in any action or proceeding, and shall not be deemed, asserted or construed to be an admission or confession by any Party or any other Person or entity of any fact, matter or proposition of law, and shall not be used or asserted in any other manner or for any purpose, and all Parties and Settlement Class Members shall stand in the same position as if this Agreement and the Settlement had not been negotiated, made or submitted to the Court.

### 16.4    Effectiveness, Amendments, and Binding Nature

This Agreement may be amended only in writing signed by the Parties. Except as otherwise stated above, each Party, including Plaintiff on behalf of herself and the Settlement Class, expressly accepts and assumes the risk that, if facts or laws pertinent to matters covered by this Agreement are hereafter found to be other than as now believed or assumed by that Party to be true or applicable, this Agreement shall nevertheless remain effective.

3013590

This Agreement is binding on, and shall inure to the benefit of, the Parties and their respective direct and indirect parent companies, predecessor entities, successor entities, related companies, direct and indirect subsidiaries, holding entities, past and present affiliates, franchisees, distributors, wholesalers, retailers, advertising and production agencies, licensors, and agents, including all current and former officers, directors, managers, members, partners, owners, employees, shareholders, consultants, attorneys, legal representatives, insurers, agents, assigns, or other equity interest holders of any of the foregoing, and their heirs, executors, administrators, and assigns. All Released Parties other than Defendant, which are Parties, are intended to be third-party beneficiaries of this Agreement.

### 16.5   Public Statements

None of the Parties will release any public statements regarding this Agreement or its terms, other than publication of the Class Notice. Notwithstanding the foregoing, the Parties may make such public disclosures about the Action or the Settlement that fairly and accurately describe the Settlement and are agreed to in writing in advance by all Parties. This does not prohibit disclosures about this Settlement to individual accounting, tax or other professionals as may be necessary or otherwise necessary for compliance with federal and state laws.

### 16.6   Cooperation in Implementation

Class Representatives and Class Counsel: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Settlement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Agreement.

3013590

### 16.7    Governing Law

This Agreement shall be construed and governed in accordance with the laws of the State of Florida, without regard to Florida's conflict-of-laws principles.

### 16.8    Stay Pending Court Approval

Class Counsel and Defendant's Counsel agree to stay all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date of the Settlement has occurred. If, despite the Parties' best efforts, this Agreement should fail to become effective, the Parties will return to their prior positions in the Action, in accordance with Section III of this Agreement.

The Parties also agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Settlement Class Member in, any other proceedings against any of the Released Parties which challenges the Settlement or otherwise asserts or involves, directly or indirectly, a Released Claim.

### 16.9    Signatures

This Agreement may be executed in counterparts, and, when so executed, shall constitute a binding original, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Electronic signatures or signatures sent by email shall be deemed original signatures and shall be binding.

### 16.10   Notices

Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first class, certified U.S. Mail, return receipt requested, and by email to:

3013590

*If to Plaintiff or Class Counsel:*

L. DeWayne Layfield
Law Office of L. DeWayne Layfield, PLLC
P. O. Box 3829
Beaumont, TX 77704
dewayne@layfieldlaw.com

and

Nicholas Zbrzeznj
Southern Atlantic Law Group, PLLC
99 6th Street SW
Winter Haven, FL 33880
nick@southernatlanticlaw.com
Office: (863)656-6672

*If to Defendant or Defendant's Counsel:*

Dean N. Panos
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
DPanos@jenner.com

and

Jeffrey T. Foreman
Kenny Nachwalter, P.A.
1441 Brickell Avenue – Suite 1100
Miami, FL 33131
jforeman@knpa.com

**16.11   Reasonable Best Efforts to Effectuate this Agreement**

The Parties acknowledge that it is their intent to consummate this Agreement, and agree to

cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions

of this Agreement and to exercise their best efforts to accomplish the terms and conditions of this

Agreement. The Parties further agree they will not engage in any conduct that will or may frustrate

the purpose of this Agreement. The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Agreement.

### 16.12   Binding on Successors

The Agreement shall be binding upon, and inure to the benefit of, the heirs and assigns of the Released Parties.

### 16.13   Arms-Length Negotiations

The determination of the terms and conditions contained herein and the drafting of the provisions of this Agreement has been by mutual understanding after negotiation and mediation, with consideration by, and participation of, the Parties hereto and their counsel. This Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting. Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Agreement and the Parties agree that the drafting of this Agreement has been a mutual undertaking.

### 16.14   Waiver

The waiver by one Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

### 16.15   Exhibits

All Exhibits to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

### 16.16   Taxes

No opinion concerning the tax consequences of the Agreement to any Settlement Class Member is given or will be given by the Released Parties, Defendant's Counsel, or Class Counsel; nor is any Party or their counsel providing any representation or guarantee respecting the tax

consequences of this Agreement as to any Settlement Class Member. Each Settlement Class Member is responsible for his/her tax reporting and other obligations respecting this Agreement, if any.

### 16.17   Retain Jurisdiction

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the agreements embodied in this Agreement.

### 16.18   No Attorneys' Fees

Notwithstanding any of the provisions herein, if any Party finds it necessary to institute legal proceedings to enforce another Party's obligation under this Agreement, each Party shall be responsible for its attorneys' fees and costs.

### 16.19   Support From The Parties

After a full investigation, discovery and arms-length negotiations, the Parties and their counsel agree that they: (a) have independently determined that the Settlement is in the best interest of the Settlement Class; (b) shall support motions for entry of the Preliminary Approval Order and Final Approval Order; and (c) will not encourage any Persons to Opt-Out or file Objections to the Settlement or this Agreement.

### 16.20   Variance; Dollars

In the event of any variance between the terms of this Agreement and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the Exhibit(s). All references in this Agreement to "Dollars" or "$" shall refer to U.S. dollars.

**<u>Exhibits</u>**

Exhibit A – Claim Form
Exhibit B – Notices to include:
       Publication Notice
       Media Plan
       Settlement Notice
Exhibit C – List of Products
Exhibit D – Proposed Preliminary Approval Order

*[Signature pages follow]*

3013590

[*Signature Page to Settlement Agreement*]

IN WITNESS WHEREOF, the Parties hereby enter this Settlement Agreement as of the date first set forth above.

**PLAINTIFF COUNSEL**

L. DeWayne Layfield
Law Office of L. DeWayne Layfield, PLLC
P. O. Box 3829
Beaumont, TX 77704
dewayne@layfieldlaw.com
Office: (409) 832-1891

Lydia Sturgis Zbrzeznj
Southern Atlantic Law Group, PLLC
99 6th Street SW
Winter Haven, FL 33880
lydia@southernatlanticlaw.com
Office: (863)656-6672

Nicholas Zbrzeznj
Southern Atlantic Law Group, PLLC
99 6th Street SW
Winter Haven, FL 33880
nick@southernatlanticlaw.com
Office: (863)656-6672

Joel Oster, of Counsel for
Law Office of Howard W. Rubinstein, PA
663 Bishops Lodge Rd., Unit 3
Santa Fe, NM 87501
howardr@pdq.net
Office: (877)630-6889

44

3013590

[*Signature Page to Settlement Agreement*]

PLAINTIFF AND CLASS
REPRESENTATIVE

Kimberly Ferron

[*Signature Page to Settlement Agreement*]

**DEFENDANT**
KRAFT HEINZ FOODS COMPANY

By: _____
Name: Brendan Curran
Title: Coffee GM

**COUNSEL TO DEFENDANT**

_____

Dean N. Panos
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
DPanos@jenner.com
Office: (312) 923-2765

_____

Jeffrey T. Foreman
Kenny Nachwalter, P.A.
1441 Brickell Avenue – Suite 1100
Miami, FL 33131
jforeman@knpa.com
Office: (305) 373-1000

**IMPORTANT LEGAL MATERIALS**
**(English and Spanish Version available)**

*Kimberly Ferron v. Kraft Heinz Foods Company*
**Case No. 20-cv-62136**
**United States District Court,**
**Southern District of Florida**

For use by purchasers of Maxwell and Yuban ground coffee Product(s) between August 27, 2015 and [Date of Entry of Prelim Approval], 2021.

| CLAIM FORM |
|:---:|

## GENERAL INSTRUCTIONS

**Settlement Class Members who seek payment from the Settlement for Tier 1 or Tier 2 Benefits must complete and return this Claim Form.** Completed Claim Forms must be mailed to the Settlement Administrator at _____, P.O. Box [XXXX, CITY, ST XXXXX-XXXX] or can be submitted online via the Settlement Website, www.xxxxxxxxxxxxxxxxx.com. **Claim Forms submitted via mail must be RECEIVED ON OR BEFORE _____ __, 2021 OR SUBMITTED ONLINE NO LATER THAN 11:59 pm, Central Time.** The information will not be disclosed to anyone other than the Court, the Settlement Administrator, and the Parties in this case, and will be used only for purposes of administering this Settlement.

Before you complete and submit this Claim Form by mail or online, you should read and be familiar with the Notice of Proposed Class Action Settlement (the "Notice") available at www.xxxxxxxxxxxxxxx.com. Defined terms (with initial capitals) used in these General Instructions have the same meaning as set forth in the Settlement Agreement. By submitting this Claim Form, you acknowledge that you have read and understand the Notice, and you agree to the Release(s) included as a material term of the Settlement Agreement.

Only one Claim may be submitted per Household under either Tier 1 or Tier 2 as you must choose between Tier 1 and Tier 2 Benefits. You may not submit a Claim Form for both Tier 1 and Tier 2 Benefits.

If you fail to submit a timely Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Settlement fund. If you are a member of the Settlement Class and you do not timely and validly request to Opt-Out from the Settlement Class, you will be bound by any judgment entered by the Court approving the Settlement regardless of whether you submit a Claim Form.

To receive the most current information, receive updates, and to file your Claim, please visit the Settlement Website at www.xxxxxxxxxxxxxxxxx.com.

| Claimant Information |
|:---|

Claimant Name: _____
          First Name                        MI   Last Name

Street Address: _____

Street Address2: _____

City: _____  State: _____  Zip Code: _____

Daytime Phone Number: ( _____ ) _____ - _____

Evening Phone Number: ( _____ ) _____ - _____

E-mail Address: _____

Security Code: _____

**Please complete only one of the Tier options below. Completing more than one Tier option below will invalidate your claim.**

Exhibit A

## <u>For use with Tier 1 Claims (No Proof of Purchase)</u>

Tier 1 Benefit is available for Settlement Class Members who purchased Maxwell House or Yuban branded ground coffee Product(s) during the Class Period and do not have valid Proof of Purchase. If you check the box below, then you may recover $.80 per Unit purchased, up to a maximum of 6 Units per Household, for a maximum reimbursement of up to $4.80 per Household. The actual amount paid to Settlement Class Members may be reduced and adjusted depending on the number of Valid Claims submitted in Tiers 1 and 2.

**Attestation**

☐   I purchased Products during the Class Period.

1.   I purchased the following types of Products:

| | | | |
|---|---|---|---|
| Bricks | ☐ Yes | ☐ No | _____ [# of units] of Product(s) |
| Bags | ☐ Yes | ☐ No | _____ [# of units] of Product(s) |
| Cans | ☐ Yes | ☐ No | _____ [# of units] of Product(s) |
| Jars | ☐ Yes | ☐ No | _____ [# of units] of Product(s) |
| All the Above | ☐ Yes | ☐ No | _____ [total # of units] of Product(s) |

2.   I purchased the Products at the following retailers:

## **For use with Tier 2 Claims (With Proof of Purchase)**

Tier 2 Benefit is available for Settlement Class Members who purchased Maxwell House or Yuban branded ground coffee Product(s) during the Class Period and have valid Proof(s) of Purchase, which means either (1) proof of a receipt; or (2) documentation from a third-party commercial source reasonably establishing the fact and date of purchase of the applicable Product during the Class Period in the United States.  You may receive up to $.80 per Unit purchased for the number of Units for which a valid Proof of Purchase has been provided, up to a maximum reimbursement of $25.00 per Household.  The actual amount paid to Settlement Class Members may be reduced and adjusted depending on the number of Valid Claims submitted in Tiers 1 and 2.

| **Attestation** |
| --- |

☐    I purchased _____ [# of units] of Product(s) during the Class Period and have attached the Proof of Purchase for each unit.

**Submission to Jurisdiction of the Court**

By signing below, you are submitting to the jurisdiction of the United States District Court for the Southern District of Florida.

**Certification under Penalty of Perjury**

**I hereby certify under penalty of perjury that:**

1.  I have read the Settlement Agreement and agree to its terms, including the Release(s);
2.  The information provided in this Claim Form is accurate and complete to the best of my knowledge, information and belief;
3.  The additional information provided to the Settlement Administrator to support my Claim is an original or a complete and true copy of the original document;
4.  I am a member of the Settlement Class and did not request to Opt-Out from the Settlement Class;
5.  I am neither (a) a Person who purchased or acquired the Product for resale; (b) an employee, principal, legal representative, successor, or and assign of Defendant or its affiliated entities; (c) a Person who has filed for exclusion from the Settlement Class; (d) counsel for the Parties; (e) a governmental entity; nor (f) a judicial officer or courtroom staff to whom this Action is assigned, or any member of the judge's immediate family;
6.  I have not submitted any other Claim for the same purchases and have not authorized any other Person or entity to do so, and know of no other Person or entity having done so on my behalf;
7.  No other Person in my Household has submitted a Claim under this Settlement;
8.  I will timely provide any additional information requested by the Settlement Administrator to validate my Claim;
9.  I understand that by submitting this Claim Form, and if the Settlement is Finally Approved, I am deemed to have given a complete Release of all settled claims; and
10. I understand that Claims will be audited for veracity, accuracy and fraud. Illegible Claim forms can be rejected. If a Claim Form is determined not to be a Valid Claim, it will be rejected.

Signature: _____     Dated: ____ ____ / ____ ____ / ____ ____ ____ ____



**Kraft Foods Coffee**
**12/9/2020**

| Target | Reach | Frequency |
|---|---|---|
| Maxwell House or Yuban Ground Coffee Purchasers | **72%** | **2x** |

**Program Parameters**

*Plan Includes Expert Opinion*

**Geography:** Nationwide

**Notice Program Length:** As specified in Settlement Agreement

**Lead Time:** Approximately 30 Days depending on final PAO

**Print – MAX Word Count of 600 Words**

| Title | Circulation | Unit Size | Frequency | Insertions |
|---|---|---|---|---|
| People | 3,031,829 | 1/2 Page | Weekly | 1 |
| Good Housekeeping | 3,384,942 | 1/2 Page | Monthly | 1 |
| Reader's Digest | 3,024,434 | Full Page | 10x /Year | 1 |

**Internet –** *Cross-device Targeting on desktop and mobile .*

| Site/Network | Description | Targeting |
|---|---|---|
| **Multiple** Inventory Exchanges | Display, Mobile, and Keyword Search on a programmatic platform across multi-channel and inventory sources including a collection of premium quality partner web properties. | Targeting Maxwell House coffee purchasers. Retargeting to users who visit the settlement website. |
| **Google** AdWords | Keyword search on Google Ads. Links appear on the search result pages of keyword/phrase searches. | Targeting keyword search topics including Maxwell House settlement, Yuban class action, Maxwell House coffee, Yuban coffee, Maxwell House coupons, Yuban coupons, among others. |
| **facebook** **Instagram** | Facebook is a free social networking website used to stay connected with friends and family, and discover what's going on in the world. Instagram is a popular social media photo sharing site. | Targeting people who have liked or followed Maxwell House or Yuban pages. Maxwell House Facebook: 433k people like this Maxwell House Instagram: 3k followers Yuban Facebook: 488 people like this Yuban Instagram: 136 followers |

Additional targeting to people with up to a high school education and adults 55+ in the North East, Midwest and South Census Regions.

Retargeting to users who visit the Settlement Website.

Exhibit B

**IF YOU PURCHASED MAXWELL HOUSE OR YUBAN  BRANDED GROUND
COFFEE PRODUCT(S)
BETWEEN AUGUST 27, 2015 AND MONTH 00, 2020,
A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

[Spanish Language Directions to locate a Spanish Language version]

Maxwell House and Yuban Brands Ground Coffee

The lawsuit claims that Defendant deceptively packaged and labeled Maxwell House, and Yuban ground coffee Products as containing enough coffee to make a represented number of cups. As part of the Settlement, Defendant has agreed to change their Labeling practices and provide payments to customers. Defendant denies any wrongdoing.

**Who is included in the Settlement?**
You may be included in the Settlement if you purchased Maxwell House or Yuban ground coffee Products for personal use between August 27, 2015 and [DATE OF PRELIM APPROVAL].

**What does the Settlement provide?**
The Settlement will provide up to a maximum of $16,000,000 to pay Valid Claims, an Attorneys' Fees and Costs Award, and Administration Expenses. Only one Claim may be submitted per Household under either Tier 1 or Tier 2, and final amounts paid may be reduced based on total number of Claims received.

- Tier 1 - Without Proof of Purchase: You can get up to $.80 per Unit purchased up to a maximum of 6 Units per Household for **up to a maximum reimbursement of $4.80** per Household.

- Tier 2 - With Proof of Purchase: You can get up to $.80 per Unit purchased for the number of Units for which a valid Proof of Purchase has been provided, **up to a maximum reimbursement of $25.00** per Household.

**What are my rights?**

- **Submit a Claim** – You must submit a Claim to get a monetary Benefit from this Settlement. Claim Forms must be submitted online by or received on or before Month 00, **2021**.

- **Do Nothing** – If you do nothing, you remain in the Settlement, you give up your rights to sue, and you will not get any money.

- **Exclude Yourself** – This is the only option that allows you to keep your right to sue about the claims in this lawsuit. You will not get any money from the Settlement. Your request for exclusion must be received on or before Month 00, **2021**.

- **File an Objection** - Stay in the Settlement but tell the Court why you think the Settlement should not be approved. Objections must be submitted by Month 00, **2021**.

The Court will hold a Fairness Hearing in the United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse 299 East Broward Boulevard, Fort Lauderdale, Florida 33301 in the courtroom of the Honorable Rodolfo A. Ruiz, II, on [DATE AND TIME OF

FINAL APPROVAL HEARING], to decide whether to approve the Settlement and to award Attorneys' Fees and Expenses of up to $3,900,000. All briefs and materials filed in support of the Settlement and the Application for Attorneys' Fees and Costs will be made available on the Settlement Website at **www.groundcoffeesettlement.com**. These materials will be made available on the website at least ---- days before the deadline to file objections.  You may hire an attorney, at your own expense, to appear at the hearing, but you don't have to.

Claims will be paid only if the Court approves the Settlement and all appeals are resolved. Please be patient. If the Settlement does not become effective, the litigation will continue.

**This is only a summary.**  For more information, please visit **www.groundcoffeesettlement.com**, or contact the Settlement Administrator at **000-000-0000** or by writing to _____, [P.O. Box XXX, CITY, ST, ZIP].

(English and Spanish versions available)

NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

# IF YOU PURCHASED MAXWELL HOUSE OR YUBAN BRANDED GROUND COFFEE PRODUCT(S) BETWEEN AUGUST 27, 2015 AND MONTH 00, 2020, A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.

*A court authorized this notice.  You are not being sued.*
*This is not a solicitation from a lawyer.*

- A proposed Settlement has been reached in a class action lawsuit ("Lawsuit") called *Ferron v. Kraft Heinz Foods Company,* Case No. 20-cv-62136 pending in the United States District Court for the Southern District of Florida, that claims Defendant, Kraft Heinz Foods Company ("Defendant") deceptively packaged and labeled Maxwell House and Yuban ground coffee products as containing enough coffee to make a specific number of cups.

- You are included in the Settlement if you purchased  one or more Maxwell House or Yuban branded ground coffee products for personal use between August 27, 2015 and Month 00, 2020.

- Defendant has agreed to change its Labeling practices and will provide up to a maximum of $16,000,000 to pay Valid Claims, an Attorneys' Fees and Costs Award, and Administration Expenses.   Settlement Class Members can get up to $.80 per Unit purchased up to a maximum of 6 Units per Household for a maximum of $4.80 per Household without Proof of Purchase, and up to $.80 per Unit purchased for the number of Units for which a Valid Proof of Purchase has been provided, up to a maximum of $25.00 per Household.  *See* Question 6 for more details.

**Your legal rights are affected even if you do nothing.  Read this Notice carefully.**

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim** | You must submit a Claim to get money from this Settlement. Claim Forms must be submitted online by or received on or before **Month 00, 2021**. Online Claim Forms must be received by 11:59pm Central time on Month 00, 2021. |
| **Do Nothing** | If you do nothing, you remain in the Settlement, you give up your rights to sue, and you will not get any money, but you will benefit from the label change required by the Settlement. |
| **Exclude Yourself** | **Get out of the Settlement. Get no money.  Keep your rights.** This is the only option that allows you to keep your right to sue about the claims in this lawsuit. You will not get any money from the Settlement. Your request to exclude yourself must be received by **Month 00, 2021**. |

Exhibit B

| **File an Objection** | Stay in the Settlement but tell the Court why you think the Settlement should not be approved. Objections must be submitted by <mark>Month 00</mark>**, 2021**. |
|---|---|
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details. The Fairness Hearing is scheduled for **Month 00, 2021**. |

## WHAT THIS NOTICE CONTAINS

**Basic Information** ...................................................................................................**Page 3**
   1.   Why did I get this Notice?
   2.   What is this case about?
   3.   Why is there a Settlement?
   4.   Why is this a class action?
   5.   How do I know if I am included in the Settlement?

**The Settlement Benefits** .......................................................................................**Page 4**
   6.   What does this Settlement provide?
   7.   How to submit a Claim?
   8.   What am I giving up as part of the Settlement?
   9.   Will the Class Representatives receive compensation?

**Exclude Yourself** ...................................................................................................**Page 5**
   10.  How do I exclude myself from the Settlement?
   11.  If I do not exclude myself, can I sue later?
   12.  What happens if I do nothing at all?

**The Lawyers Representing You** ..............................................................................**Page 5**
   13.  Do I have a lawyer in the case?
   14.  How will the lawyers be paid?

**Objecting to the Settlement** ..................................................................................**Page 6**
   15.  How do I tell the Court that I do not like the Settlement?
   16.  What is the difference between objecting and asking to be excluded?

**The Fairness Hearing** ............................................................................................**Page 7**
   17.  When and where will the Court decide whether to approve the Settlement?
   18.  Do I have to come to the hearing?
   19.  May I speak at the hearing?

**Do Nothing** ...........................................................................................................**Page 8**
   20.  What happens if I do nothing?

**Get More Information** ............................................................................................**Page 8**

21.   How do I get more information about the Settlement?

# BASIC INFORMATION

### 1. Why did I get this Notice?

You are receiving this notice because you may be a Class Member in a proposed Settlement regarding alleged false, misleading and deceptive labeling found on the following brands of ground coffee products: Maxwell House and Yuban ("Coffee Products").

This Notice explains the nature of the lawsuits and claims being settled, your legal rights, and the benefits to the Class.

### 2. What is this case about?

Judge Rodolfo A. Ruiz, II of the United States District Court for the Southern District of Florida is overseeing this class action. The case is known as *Ferron v. Kraft Heinz Foods Company.* The person who sued is called the "Plaintiff," and the company they sued, Kraft Heinz Foods Company, is called the "Defendant."

Plaintiff, Kimberly Ferron, filed a lawsuit against Kraft Heinz Foods Company, individually and on behalf of anyone who purchased the Coffee Products for personal use between August 27, 2015 and Month 00, 2020.

The lawsuit alleges that the manufacturers, distributors and retailers of the Coffee Products improperly labeled, packaged, marketed and advertised the Coffee Products as containing enough coffee such that it makes up to a certain number of cups.

### 3. Why is there a Settlement?

By agreeing to settle, both sides avoid the cost, disruption, and distraction of further litigation. The Class Representatives, Defendant and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, best for the Class Members.

The Court did not decide in favor of the Plaintiff or Defendant.

Full details about the proposed Settlement are found in the Settlement Agreement available at **www.groundcoffeesettlement.com**.

### 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members."

### 5. How do I know if I am included in the Settlement?

You are included in this Settlement as a Class Member if you live in the United States and purchased any of the Coffee Products (for personal use only) from August 27, 2015 through [DATE].

If you are not sure whether you are in the Class, or have any other questions about the Settlement, visit **www.groundcoffeesettlement.com**, or write with questions to [Settlement Administrator, Address, City, ST 00000] or call toll free **000-000-0000**.

## THE SETTLEMENT BENEFITS

### 6.  What does this Settlement provide?

The proposed Settlement, if approved by the Court, will provide the following benefits:

1.  **Business Practices:** The Defendant has agreed to change its Labeling practices by removing or revising the claims about the number of cups of coffee that can be made by following the brewing instructions from the Labeling of the Products.

2.  **Individual Claims:** Class Members are eligible for payments with or without Proof of Purchase:

    **Tier 1 - Claims without Proof of Purchase**:
    You can get up to $.80 per Unit purchased up to a maximum of 6 Units per Household for up to $4.80 maximum per Household.

    **Tier 2 - Claims with Proof of Purchase**:
    You can get up to $.0.80 per Unit purchased for the number of Units for which a valid Proof of Purchase has been provided, **up to a maximum reimbursement of $25.00** per Household.

    Only one Claim may be submitted per Household under either Tier 1 or Tier 2 and final amounts paid may be reduced based on total number of Valid Claims received.

    You must file a Claim to get any money from the proposed Settlement. Claim Forms must be received on or before **Month 00, 2021**.

### 7.  How to submit a Claim?

You must submit a Claim Form, with or without Proof of Purchase, in order to be eligible to receive any money from the Settlement, if it is approved. You can download a Claim Form at [**www.groundcoffeesettlement.com**] or you can call the Settlement Administrator at **000-000-0000**.

Your Claim Form must be received, if returned via mail, on or before **Month 00, 2021**, or, if submitted online, no later than 11:59 p.m. Central Time on **Month 00, 2021**.

### 8.  What am I giving up as part of the Settlement?

Unless you exclude yourself, you will be included as part of the Settlement Class, if the Settlement is approved. By staying in the Class, you will be eligible to receive benefits included in the Settlement to which you are entitled, and with respect to the Products you will be releasing the Defendant and all Released Parties from any liability, cause of action, claim, right to damages or other relief, and any other legal rights to which you may otherwise be entitled under the law(s) of your state or any other applicable law.

This means that with respect to the Products you will no longer be able to sue Kraft Heinz Foods Company, together with its direct and indirect parent companies, predecessor entities, successor entities, related companies, direct and indirect subsidiaries, divisions, holding entities, past and present affiliates and banners, franchisees, distributors, wholesalers, retailers, advertising and production agencies, licensors, and agents, including all current and former officers, directors, managers, members, partners, owners, employees, shareholders, consultants, attorneys, legal representatives, insurers, agents, assigns, and other equity interest holders of any of the foregoing, and their heirs, executors, administrators, and assigns regarding any of the settled claims if you are a Class Member and do not exclude yourself from the Class.

The Settlement Agreement, includes all the provisions about settled claims and releases, is available at **www.groundcoffeesettlement.com**.

### 9.   Will the Class Representatives receive compensation?

No.

## EXCLUDE YOURSELF

### 10.   How do I exclude myself from the Settlement?

If you do not want to be included in the Settlement, you must send a written request for exclusion received no later than **Month 00, 2021** to:

> [Settlement Administrator
> Address
> City, ST 00000]

Instructions on how to submit a request for exclusion are available at **www.groundcoffeesettlement.com** or from the Settlement Administrator by calling **000-000-0000**.

If you exclude yourself, you will not be able to receive benefits from the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

### 11.   If I do not exclude myself, can I sue later?

No. If you do not exclude yourself from the Settlement, you forever give up the right to sue the Released Parties (listed in Question 6) for the claims this Settlement resolves.

### 12.   What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not be able to start or proceed with a lawsuit, or be part of any other lawsuit against the Released Party (listed in Question 6) about the settled claims in this case at any time.  You will not receive any money, but you will benefit from the label change described in this Notice.

## THE LAWYERS REPRESENTING YOU

### 13.   Do I have a lawyer in the case?

Yes. The Court has ordered that the Law Office of L. DeWayne Layfield, PLLC; Southern Atlantic Law Group, PLLC; and Law Office of Howard W. Rubinstein; (together, "Class Counsel") will represent the interests of all Class Members. Class Members will not be separately charged for these lawyers.

If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14.   How will the lawyers be paid?

Class Counsel will apply to the Court for an award of attorneys' fees and litigation expenses in an amount up to $3,900,000.

A copy of Class Counsel's Application for Attorneys' Fees and Costs will be posted on the Settlement Website, www.groundcoffeesettlement.com.  These materials will be made available on the website at least fourteen (14) days before the Objection Deadline.  The Court will make the final decisions as to the amounts to be paid to Class Counsel, and may award less than the amounts requested by Class Counsel.

## OBJECTING TO THE SETTLEMENT

### 15.   How do I tell the Court that I do not like the Settlement?

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you can submit an Objection to the Court telling them why you do not think the Settlement should be approved.

Your Objection must include all the following information:

(i)     The case name and number: *Ferron v. Kraft Heinz Foods Company,* Case No. 20-cv-62136 pending in the United States District Court for the Southern District of Florida.

(ii)    Your full name, address, telephone number and email address.

(iii)   The name and address of any lawyer(s) representing you or who may be entitled to compensation in connection with Objection.

(iv)    A detailed statement of the Objection(s), including the grounds for the Objection(s).

(v)     Copies of any papers, briefs, or other documents upon which the Objection is based.

(vi)    Indicate if you intend to appear at the Fairness Hearing, with or without counsel.

(vii)   Identify any counsel who will appear on your behalf at the Fairness Hearing and any person who will be called to testify to support your Objection.

(viii)  A statement that you are a Class Member in the proposed Settlement, including all information from the Claim Form.

(ix)    Your signature in addition to the signature of any attorney representing you in connection with the Objection.

(x)     A detailed list of any class action settlement objections made by you or your lawyer in the last five years.

Your Objection must be filed with the Clerk of the Court no later than **Month 00, 2021**, to:

> Clerk of the Court
> United States District Court, Southern District of Florida
> 400 North Miami Avenue
> Miami, Florida 33128

You should retain proof that your objection was filed by ==Month 00, 2021==

In addition, a copy of your Objection must be received by Class Counsel and Defense Counsel, no later than ==Month 00, 2021==**, you should retain proof that your Objection was received by** ==Month 00, 2021==:

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| L. DeWayne Layfield<br>Law Office of L. DeWayne Layfield, PLLC<br>P.O. Box 3829<br>Beaumont, TX 77704 | Dean N. Panos<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, IL 60654 |
| Nicholas Zbrzeznj<br>Southern Atlantic Law Group, PLLC<br>99 6th Street SW<br>Winter Haven, FL 33880 | Jeffrey T. Foreman<br>Kenny Nachwalter, P.A.<br>1441 Brickell Avenue – Suite 1100<br>Miami, FL 33131 |

If you do not submit your Objection with all requirements, or your Objection is not filed and received by ==Month 00,== **2021**, you will be considered to have waived all Objections and will not be entitled to speak at the fairness hearing.

### 16.    What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class.

Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE FAIRNESS HEARING

### 17.    When and where will the Court decide whether to approve the Settlement?

The Court will hold the Fairness Hearing at ==00:00 x.m.== on ==Month 00, 2021==, at 299 East Broward Boulevard, Chambers 205D, Fort Lauderdale, Florida 33301. The hearing may be moved to a different date, time or location without additional notice, so it is recommended that you periodically check ==www.groundcoffeesettlement.com== for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Class Members, and if it should be approved. If there are valid, timely Objections, the Court will consider them and will listen to people who have asked to speak at the hearing

if the request was made properly. The Court will also consider the award of Attorneys' Fees and Expenses to Class Counsel.

| **18.** | **Do I have to come to the hearing?** |
|---|---|

No, you are not required to come to the Fairness Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an Objection, you do not have to come to the hearing to talk about it. If your Objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Fairness Hearing, but that is not necessary.

| **19.** | **May I speak at the hearing?** |
|---|---|

Yes, you can speak at the Fairness Hearing but you must ask the Court for permission. To request permission to speak, you must file an Objection according to the instructions in Question 15, including all the information required.

You cannot speak at the hearing if you exclude yourself from the Settlement.

## DO NOTHING

| **20.** | **What happens if I do nothing?** |
|---|---|

If you do nothing, you will not get any money from the Settlement, you will not be able to sue for the claims in this case and you release the claims against Defendants listed in Question 8, but you will benefit from the label changes described in this Notice.

## GET MORE INFORMATION

| **21.** | **How do I get more information about the Settlement?** |
|---|---|

This is only a summary of the proposed Settlement. If you want additional information about this lawsuit, including a copy of the Settlement Agreement, the complaints, the Court's Preliminary Approval Order, Class Counsel's Application for Attorneys' Fees and Expenses, and more, please visit www.groundcoffeesettlement.com or call 000-000-0000.

You may also contact the Settlement Administrator at CONTACT INFO.

You may also visit or call the Clerk's office at the United States District Court, Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128, 305-523-5100. The Clerk will tell you how to obtain the complete file for inspection and copying at your own expense.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

### List of Products

1. Maxwell House Original Roast (11.5 oz)

2. Maxwell House French Roast (11 oz)

3. Maxwell House Breakfast Blend (11 oz)

4. Maxwell House 100% Colombian (10.5 oz)

5. Maxwell House Half Caff (11 oz)

6. Maxwell House Hazelnut (11 oz)

7. Maxwell House Original Roast (brick) (11.5 oz)

8. Maxwell House 100% Colombian (brick) (10.5 oz)

9. Maxwell House Half Caff (brick) (11oz)

10. Maxwell House French Roast (brick) (11 oz)

11. Maxwell House Breakfast Blend (brick) (11 oz)

12. Maxwell House Original Roast (42.5 oz)

13. Maxwell House Blend (10.5 oz)

14. Maxwell House Original Roast (30.6 oz)

15. Maxwell House Original Roast Decaf (29.3 oz)

16. Maxwell House Dark Roast (10.5 oz)

17. Yuban Traditional Roast (31 oz)

18. Maxwell House Wake Up Roast (30.65 oz)

19. Maxwell House Smooth Bold (11.5 oz)

20. Maxwell House Intense Bold (11.5 oz)

21. Maxwell House Original Roast Decaf (22 oz)

22. Maxwell House Morning Boost (11.5 oz)

Exhibit C

23. Maxwell House Dark Roast (24.5 oz)

24. Maxwell House Master Blend (26.8 oz)

25. Maxwell House Breakfast Blend (25.6 oz)

26. Maxwell House Gourmet Roast (25.6 oz)

27. Maxwell House Half Caff (25.6 oz)

28. Maxwell House Morning Boost (26.7 oz)

29. Maxwell House Light Roast (11.5 oz)

30. Maxwell House Original Roast (48 oz)

31. Maxwell House Original Roast (36.8 oz)

32. Maxwell House Master Blend (brick) (11.5 oz)

33. Maxwell House Original Roast Decaf (11 oz)

34. Maxwell House Vanilla (11 oz)

35. Maxwell House Master Blend (11.5 oz)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CLASS REPRESENTATION

KIMBERLY E. FERRON,

      Plaintiff,

                                  CASE NO.: 0:20-cv-62136-RAR

vs.

KRAFT HEINZ FOODS
 COMPANY,

      Defendant.

_____/

**ORDER PRELIMINARILY APPROVING CLASS ACTION**
**SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASS**

      THIS CAUSE comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement [DE ], filed on ____, 2020. Plaintiff, KIMBERLY E. FERRON, and Defendant, KRAFT HEINZ FOODS COMPANY, have agreed to settle this action pursuant to the terms and conditions set forth in Settlement Agreement (hereinafter referred to as "Settlement") [ECF No. X-1], which was executed between the Parties.  The Parties reached the Settlement through arm's-length negotiations with the help of a mediator, Hon. Wayne R. Andersen (Ret.) of JAMS.  Pursuant to the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class will fully, finally, and forever resolve, discharge, and release their claims.

      The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement.  Upon

considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that:  (1) this Court currently has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application"), and their rights to opt-out of the Settlement Class or object to the Settlement and/or Class Counsel's Fee Application; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.     As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2.     The Court currently has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3.     Venue is proper in this District.

## I.     Provisional Class Certification and Appointment of Class Representative and Class Counsel

1.     It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). "There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." *Id.*  In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

2.     The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present, and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class: **All Persons who purchased any Products, as defined in the Settlement Agreement, in the United States during the Class Period.**

The "Class Period" is the period of time commencing August 27, 2015 and ending on the date of Preliminary Approval of the Settlement by this Court.

Excluded from the Settlement Class are the following: (a) Persons who purchased or acquired any Products for resale; (b) the Released Parties; (c) all Persons who file a timely and valid Opt-Out; (d) Plaintiff's Counsel and Defendant's Counsel; (e) federal, state, and local governments (including all agencies and subdivisions, but excluding employees not otherwise excluded hereunder); and (f) the judicial officers and courtroom staff overseeing the Action.

3.      Specifically, the Court finds, for settlement purposes only and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a)      Numerosity: In the Action, hundreds-of-thousands, of individuals located across the United States are members of the proposed Settlement Class. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.

(b)      Commonality: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).   Here, the commonality requirement is satisfied.   Multiple questions of law and fact centering on Defendant's class-wide practices are common to

the Plaintiff and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way, and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c)   Typicality:  The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged Defendant's practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (stating that typicality is satisfied where "claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (stating that named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)   Adequacy:  Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representative has any interests antagonistic to the class; and (2) whether the proposed class counsel possesses the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001).  Here, Rule 23(a)(4) is satisfied because Plaintiff's interest are aligned with the Settlement Class, there are no conflicts of interest between Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent her and the Settlement Class. Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of this Action.  Moreover, the Plaintiff and Class Counsel have vigorously and

competently represented the Settlement Class in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Emps. Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

        (e)    <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues.  With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member."  *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common questions are the primary aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged Kraft practices as well as the same legal theories.

        4.    The Court appoints Plaintiff Kimberly E. Ferron as Class Representative.

        5.    The Court appoints (i) Law Office of L. DeWayne Layfield, PLLC; (ii) Southern Atlantic Law Group, PLLC; and (iii) Law Office of Howard W. Rubinstein, P.A. as Class Counsel.

        6.    The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that

the proposed Settlement does not become Final for any reason. Defendant also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

## II.   Preliminary Approval of the Settlement

1.      At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09–60646–CIV, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

2.      The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties, and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and

schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

**III.**   **Approval of Class Notice and the Claims Process**

1.      The Court approves the form and content of the Class notices, substantially in the forms attached to the Settlement, as well as the Claim Form attached thereto. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

2.      Heffler Claims Group shall serve as the Administrator.

3.      The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Class notices substantially in the forms attached to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order. The Class Notice program shall include, to the extent necessary, the Publication Notice, and Long-Form Settlement Notice, as set forth in the Settlement and below.

*Publication Notice and Settlement Notice*

4.      The Administrator shall administer the Publication Notice and Settlement Notice as set forth in the Settlement. As set forth in the Settlement Agreement, the Notice Date shall be thirty (30) days following the entry of this Preliminary Approval Order.

*Settlement Website*

5.      Prior to the Notice Date, the Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall include an online portal to file claims, hyperlinks to the Settlement, the Long-Form Settlement Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

6.      The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

7.      The Administrator shall prepare and send all notices required by the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.b* ("CAFA").

**IV.    Final Approval Hearing, Opt-Outs, and Objections**

1.      A Final Approval Hearing shall be held before this Court on _____, 2021 at _____. to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application should be granted.

2.      Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following

the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be completed in accordance with the Settlement and Notice, verified, and received on or before the last day of the Opt-out Period, which is 60 days following the Notice Date ("Opt-Out Deadline"). Opt-out requests must be received by the Opt-Out Deadline at the addresses indicated in the Long Form Notice.

3.     Any Settlement Class Member may object to the Settlement or Class Counsel's Fee Application. Any such objections must be received by the Clerk of the Court, Class Counsel, and Defendant's Counsel, at the addresses indicated in the Long-Form Settlement Notice. For an objection to be considered by the Court, the objection must be received no later than 60 days following the Notice Date, as set forth in the Notice ("Objection Deadline"). To be valid, an objection must include the following information:

a. The case name and number, *Kimberly E. Ferron v. Kraft Heinz Foods Company,* Case No.  0:20-cv-62136-RAR, United States District Court for the Southern District of Florida.

b. The name, address, telephone number, and, if available, the email address of the Person objecting;

c. The name and address of the lawyer(s), if any, who is representing the Person making the Objection or who may be entitled to compensation in connection with the Objection;

d. A detailed statement of Objection(s), including the grounds for those Objection(s);

e. Copies of any papers, briefs, or other documents upon which the Objection

is based;

f.  A statement of whether the Person objecting intends to appear at the Final Approval Hearing, either with or without counsel;

g.  The identity of all counsel (if any) who will appear on behalf of the Person objecting at the Final Approval Hearing and all Persons (if any) who will be called to testify in support of the Objection;

h.  A statement of his/her membership in the Settlement Class, including all information required by the Claim Form;

i.  The signature of the Person objecting, in addition to the signature of any attorney representing the Person objecting in connection with the Objection; and

j.  A detailed list of any other objection by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to the Settlement.

## V.  Further Papers in Support of Settlement and Attorney's Fee Application

1.  No later than fourteen (14) days prior to the Objection Deadline, Plaintiff and Class Counsel shall file their Application for an Award of Attorneys' Fees and Expenses and proposed orders.

2.      No later than fourteen (14) days prior to the Final Approval Hearing, Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement and proposed orders.

3.      No later than seven (7) days prior to the Final Approval Hearing, Plaintiff and Class Counsel shall file their responses to timely filed objections to both the Settlement and the Application for an Award of Attorneys' Fees and Expenses.

**VI.**    **Effect of Failure to Approve Settlement**

1.      If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)     Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiff on any point of fact or law; and

(c)     Neither the Settlement terms, any documents exchanged or disclosed by the Parties to each other for settlement purposes, nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence or otherwise referenced or referred to in any future proceeding. In addition, neither the fact of, nor any

documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions, may be used as evidence.

**VII.    Stay/Bar of Other Proceedings**

1.      All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf (including any attorneys) are enjoined from threatening, commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

2.      Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date |
|---|---|
| Notice Date | 30 days following Preliminary Approval |
| Objection Deadline and Opt-Out Deadline | 60 days following Notice Date |
| Deadline for filing Application for an Award of Attorneys' Fees and Expenses | 14 days prior to Objection Deadline |
| Deadline for filing Motion for Final Approval of the Settlement | 14 days prior to Final Approval Hearing |
| Deadline for Responses to Objections to the Settlement and the Application for an Award of Attorneys' Fees and Expenses | 7 days prior to Final Approval Hearing |
| Final Approval Hearing | Approximately 90 days following Preliminary Approval and at least 70 days following Notice Date |
| Last day for Claim Form to be received (by mail) or submitted (electronically) | 85 days following Notice Date |

**DONE AND ORDERED** in Fort Lauderdale, Florida, this __ day of _____, 20___.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE